RALPH S. KANTROWITZ *v.* RUSSELL L. PATTERSON ET AL., LIQUOR CONTROL COMMISSION.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 7—decided December 5, 1945.

*Frank J. DiSesa,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellants (defendants).

*Herbert L. Cohen,* with whom, on the brief, was *Ralph S. Kantrowitz,* for the appellee (plaintiff).

PER CURIAM. The plaintiff applied to the defendant liquor control commission for a wholesale liquor dealer's license; a hearing and a rehearing were held, and the petition was denied on the ground that the owners, partners, backers or permittees of certain package store permits would have an interest in the proposed wholesale permit. The plaintiff appealed to the Court of Common Pleas, which conducted a de novo hearing and reached a contrary conclusion. The defendant has appealed.

The gist of the court's finding is that the plaintiff had been associated with his father and three brothers in various retail liquor stores which had been financed by a family fund established from their earnings, but that upon his discharge from the army in 1943 he married, withdrew the amount he had contributed to the family fund and terminated his connection with it. The sum withdrawn was greatly in excess of the amount needed to finance the establishment of a wholesale liquor business. The court concluded that no other member of the family would have any finan-

cial interest in the proposed wholesale liquor business and that the plaintiff would have no financial interest in the retail stores conducted by other members of the family. The defendant concedes that it cannot prevail unless material corrections are made in the finding. The changes which are warranted by the evidence would not materially affect the conclusions which the court reached.

The most substantial claim made by the defendant is that the plaintiff withdrew from the family fund $5000 belonging to a brother who, although in service overseas, was half owner of a package store, and that the inference must be drawn that the plaintiff intended to use it in establishing and operating the wholesale business, in violation of General Statutes, Cum. Sup. 1939, § 968e. The court found, in effect, that the transaction was a gift; that, nevertheless, the plaintiff, before the rehearing held by the defendant, returned the money in order to allay any suspicion or claim that the brother had any financial interest in the proposed wholesale business. As the evidence supports this finding, there is no question of law involved.

The function of the trial court in appeals of this nature is stated in *Cripps* v. *Liquor Control Commission,* 130 Conn. 693, 698, 37 Atl. (2d) 227. The court concluded that the defendant's refusal to grant the application was grounded on suspicion and surmises which were not established by the evidence produced before the court, and that the commission's action was arbitrary and constituted an abuse of its discretion. For the reasons we have given, we cannot disturb this conclusion.

There is no error.