SALVATORE AMINTI *v.* LIQUOR CONTROL COMMISSION

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued October 4—decided October 23, 1957

*Thomas J. Conroy,* assistant attorney general, with whom, on the brief, was *John J. Bracken,* attorney general, for the appellant (defendant).

*T. Clark Hull,* for the appellee (plaintiff).

BALDWIN, J.  The plaintiff sought from the defendant commission a package store liquor permit for premises located on route 37A in Danbury a short distance south of the New Fairfield town line. The commission denied the permit, stating as its reason that "having considered the character of the neighborhood [it finds that] the granting of a permit at this location would be detrimental to public interest." The present appeal is from the judgment of the trial court sustaining the plaintiff's appeal from the commission's denial of the permit.

Section 4263 of the General Statutes provides that the commission may refuse to grant a permit for the sale of alcoholic liquor "if it has reasonable cause to believe:  . . . (3) that the number of permit premises in the locality is such that the granting of a permit is detrimental to public interest." In reaching this conclusion the commission, under the terms of the statute, may consider "the character of, the population of, the number of like permits and number of all permits existent in, the particular town and the immediate neighborhood concerned,

[and] the effect which a new permit may have on such town or neighborhood or on like permits existent in such town or neighborhood." Because of the nature of the liquor business, "the police power to regulate and control it runs broad and deep, much more so than the power to curb and direct ordinary business activity." *Ruppert* v. *Liquor Control Commission,* 138 Conn. 669, 674, 88 A.2d 388, and cases cited. The statute vests the commission with a liberal discretion. *Cusano* v. *Dunn,* 137 Conn. 20, 25, 74 A.2d 477, and cases cited. It does not, however, authorize the commission to act capriciously, unreasonably or arbitrarily. *Kantrowitz* v. *Patterson,* 132 Conn. 426, 428, 44 A.2d 916.

Upon appeal under General Statutes § 4277, the Court of Common Pleas "may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." If the court decides "that the appellant is a suitable person to sell alcoholic liquor, and that the place named in his application is a suitable place" for the class of permit sought, it may render judgment accordingly. In proceeding under § 4277, the court considers so much of the transcript of the hearing before the commission as is competent and relevant under the rules of evidence, and the commission's reasons for its action. Before additional testimony can be received by the court, it must find either that good cause is shown for the failure to offer the testimony before the commission or, in its discretion, that reception of additional testimony is necessary for a just decision of the appeal. We have had occasion heretofore to examine the legislative history of this section of the Liquor Control Act and to consider the amendments to it made by the legislature. We have held that the function of the court upon appeal is to determine whether

the commission acted illegally or so arbitrarily and unreasonably as to abuse its discretion. We have said that the court cannot substitute its discretion for that of the commission and that it can do no more than decide whether the commission upon the facts has mistaken the law and so has acted illegally, or whether it has reached a conclusion untenable in the light of logic and reason and by so doing has arbitrarily abused its discretion. *DeMond* v. *Liquor Control Commission,* 129 Conn. 642, 646, 30 A.2d 547; see *Dempsey* v. *Tynan,* 143 Conn. 202, 206, 120 A.2d 700; *Suffield Heights Corporation* v. *Town Planning Commission,* 144 Conn. 425, 428, 133 A.2d 612. The rule does not mean that upon appeal the commission is always right. The issue upon the particular facts of each case is whether the commission has followed the mandate of the law under which it purported to act and whether its decision is one which could be reached by an impartial appraisal of the facts, is the result of a due exercise of the faculty of reasoning and is consonant with a fair and just administration of the powers conferred by the Liquor Control Act.

The portions of the record of the commission printed in the appendices to the parties' briefs disclose that the commission could have found the following facts: In Danbury, which has a population of 35,800, there had been issued 130 permits for the sale of liquor, including 36 package store permits and 4 drugstore permits. In the adjoining town of New Fairfield, where there is a population of 1600 which increases to between 10,000 and 15,000 during the summer months, 6 permits had been issued, including 1 package store permit. In 1950 a package store permit had been granted for a location in the general vicinity of the plaintiff's proposed location

and had not been renewed for a second year because of lack of business. The proposed location is in a rural neighborhood referred to as the Ball Pond–Putnam Lake area. Since 1951 this locality, several square miles in extent, has substantially increased in population. It has, however, no places of business apart from the plaintiff's gasoline station and one other. The plaintiff proposes to locate the permit premises in a building used in part in connection with his gasoline station. Several of the package store permittees in Danbury are already in difficulty from lack of business. The commission could have found that the plaintiff's venture in all probability would not for the present be a profitable one, a condition which, in the commission's experience, is conducive to unlawful sales of all kinds. Its decision falls clearly within the rule stated hereinbefore, and the court erred in sustaining the plaintiff's appeal.

The view we take of the case renders harmless the error in the form of the judgment file. We comment upon it, however, in the interest of orderly procedure. When the court decides to sustain an appeal from the denial or revocation of a permit, it should, under the express wording of the statute, render a judgment finding the suitability of the person and the place and ordering the commission to issue or reissue the permit. General Statutes § 4277; *Hoffman* v. *Kelly,* 138 Conn. 614, 618, 88 A.2d 382.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.