ADRIENNE WILLIAMS *v*. LIQUOR CONTROL COMMISSION

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and RUBINOW, JS.

Argued May 3—decision released July 11, 1978

*William N. Kleinman,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (defendant).

*Benson A. Snaider,* for the appellee (plaintiff).

Bogdanski, J.  The plaintiff, Adrienne Williams, applied to the defendant liquor control commission for a package store liquor permit.  From the denial of the application, the plaintiff appealed to the Court of Common Pleas.  That court sustained the appeal on the ground that the action of the commission in denying the application was illegal and arbitrary.  From that judgment, the commission has appealed to this court, assigning error in the trial court's substitution of its judgment for that of the commission.

The plaintiff's application involved premises located at 1285 Boston Post Road, route 1, Madison, in the area of the entranceway to Hammonasset

state park. Pursuant to § 30-39 (b) of the General Statutes the commission held a public hearing and subsequently denied the application on the grounds of unsuitability of place.

Section 30-46 (a) (3) of the General Statutes provides that "[t]he commission may . . . refuse to grant permits for the sale of alcoholic liquor if it has reasonable cause to believe: . . . that the number of permit premises in the locality is such that the granting of a permit is detrimental to public interest, and, in reaching a conclusion in this respect, the commission may consider the character of, the population of, the number of like permits and number of all permits existent in, the particular town and the immediate neighborhood concerned, the effect which a new permit may have on such town or neighborhood or on like permits existent in such town or neighborhood." That provision confers broad discretion upon the liquor control commission to grant or deny permits. *Gulia* v. *Liquor Control Commission,* 164 Conn. 537, 538, 325 A.2d 455; *Aminti* v. *Liquor Control Commission,* 144 Conn. 550, 552, 135 A.2d 595; *Campisi* v. *Liquor Control Commission,* 175 Conn. 295, 297, A.2d

In *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 561, 53 A.2d 655, this court in considering the provisions of § 30-46 (a) (3) noted that "[a] principle and purpose may be read into the act to prevent the issuance of too many permits in certain localities, depending upon the character and number of the population and upon the number of existing permits in the locality. We hold that these are factual matters properly left to the determination of the commission." The determination of what

constitutes too many permits in certain localities or neighborhoods is thus a question of fact, within the discretion of the administrative agency. Moreover, because of the danger to public health and welfare inherent in liquor traffic, the police power to regulate the liquor trade runs broad and deep, more so than comparable regulatory powers over other activities. *Viola* v. *Liquor Control Commission*, 158 Conn. 359, 362, 260 A.2d 585.

In § 30-46 (a) (3) there appear several different area designations: locality, town, and neighborhood. Those terms are flexible and imprecise, unlike such terms as acre or mile. Of those terms, town is the most precise in that towns, though widely variable in size and area, are nonetheless defined by set and definite boundaries. Neighborhood, on the other hand, is a more flexible and imprecise concept. It is defined as a "district or section, esp[ecially] with reference to the character of its inhabitants." Webster, New International Dictionary (2d Ed.). Like towns, neighborhoods vary widely in size and extent. A neighborhood in a large, densely populated city may refer to a one or two block area while a neighborhood in a sparsely settled rural area may extend several miles or more. Moreover, neighborhoods are usually not defined by set boundaries and it is often difficult to determine precisely where one neighborhood ends and another begins.

Of the four permit premises which the commission found were in the same neighborhood, one was located within one mile of the proposed premises to the east in the next town of Clinton. The other three were located to the west in the central busi-

ness district of Madison, all within one block of each other. There was some conflict in the evidence as to the exact distance from the plaintiff's premises to the three outlets in the center of Madison. The plaintiff claimed that it was two miles. The commission, however, found the distance to be one to one and one-half miles. Despite the emphasis placed by the parties on those distances, the difference is of minor significance. What constitutes a neighborhood is not so much a matter of distances but is rather a question of fact involving the consideration of a number of different elements, such as the character of the area and its inhabitants and the density and distribution of the population.

It was undisputed that the area surrounding the plaintiff's premises is rural and sparsely settled. The evidence also reveals that most of the population of Madison is located west of the town's central business district and that there are already seven or eight package stores in the town serving a population of 12,100, resulting in one package store for every 1500 people including minors. The evidence further reveals that a good portion of the business of these existing liquor outlets comes from the approximately 5000 summer residents and visitors attracted to the area by Hammonasset state park and that any appreciable loss of that business would make it difficult for some of those permit owners to stay in business.

The function of the Court of Common Pleas on an appeal from the commission is to determine whether the commission acted so arbitrarily and unreasonably as to abuse its discretion. The court can do no more than decide whether upon the facts

before it the commission has mistaken the law, or whether it has reached a conclusion untenable in the light of logic and reason. *Aminti* v. *Liquor Control Commission*, 144 Conn. 550, 553, 135 A.2d 595; *DeMond* v. *Liquor Control Commission*, 129 Conn. 642, 646, 30 A.2d 547. The issue is whether the commission has followed the mandate of the law and whether its decision could be reached by an impartial appraisal of the facts and is the result of reason and logic. *Aminti* v. *Liquor Control Commission*, supra, 553.

Conclusions reached by an administrative body must be upheld by the court if they are supported by the evidence that was before the administrative body. *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles*, 165 Conn. 559, 563, 345 A.2d 520. The credibility of witnesses and the determination of issues of fact are matters within the province of the administrative agency. *Jaffe* v. *State Department of Health*, 135 Conn. 339, 343, 64 A.2d 330. It is not the function of the court to retry the case. The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken. *Conley* v. *Board of Education*, 143 Conn. 488, 492, 123 A.2d 747.

In the light of the character of the area, the nature and density of the population, and the number of permit premises presently serving the community, we cannot say that the commission acted arbitrarily in denying the application. We conclude that in sustaining the appeal the court substituted its discretion for that of the commission and in so doing exceeded the scope of its judicial review. *O'Donnell* v. *Police Commission*, 174 Conn. 422, 389 A.2d 739.

There is error, the judgment is set aside, and the case is remanded with direction to dismiss the plaintiff's appeal.

In this opinion the other judges concurred.