[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Commissioner of Motor Vehicles [hereafter called "the Commissioner"] suspending the plaintiff's motor vehicle operator's license for a period of six months for failure to take a chemical analysis test to determine if he was operating under the influence of alcohol. The date of the incident leading to the plaintiff's arrest was April 3, 1990, so the suspension was based upon Connecticut's implied consent law, section 14-227b, as amended by Public Act 89-314, section 1, effective January 1, 1990.
Section 14-227b(a) of the General Statutes provides that any person who operates a motor vehicle in this state is deemed to have given his consent to a chemical analysis of his blood, breath or urine. Subsection (c) of section 14-227b
provides that if the person, after being arrested for driving under the influence of intoxicating liquor, refuses to submit to the test that the police officer may immediately revoke and take possession of his motor vehicle operator's license. After the police officer prepares a report the Commissioner shall suspend the operator's license for a period of six months unless a hearing is requested, in which case a hearing is held limited to the following four issues: (1) did the police officer have probable cause to arrest the person for operating while under the influence of intoxicating liquor; (2) was the person placed under arrest; (3) did the person refuse to submit to the test or analysis; and (4) was the person operating the motor vehicle. Section 14-227b(f) C.G.S.
In this case it is undisputed that the appellant was placed under arrest and that he refused to submit to the test. The appellant claims that there was insufficient CT Page 1104 evidence of operation of the car or the appellant's condition at the time of the accident which preceded the arrest. The plaintiff requested an administrative hearing which was held on April 27, 1990. No witnesses testified at the hearing and the only evidence offered was a copy of the police report. The police report shows that the police were summoned to the scene of an accident where they discovered a Jeep automobile overturned on the highway. The police officers did not observe the appellant operating the motor vehicle at the time of the accident, and there were no independent witnesses to operation of the vehicle. The plaintiff owned the car, and while he was not at the scene when the police arrived, he arrived shortly thereafter. He initially stated that he was not driving the car and that it had been stolen.
The police officers observed at the scene that the plaintiff could barely stand up, his clothes were soaked with rain, his speech was slurred, and that he had an odor of alcohol. The police had trouble understanding him, and told him that he would have to go to police headquarters to make a statement concerning the stolen vehicle. The appellant had difficulty answering questions at the scene and was verbally abusive at police headquarters. He had to be asked questions several times before he would respond, and when he did his responses were slow, inconsistent and slurred.
After arriving at police headquarters he first admitted that he had been driving the car and later said he had been drinking before the accident. He was then placed under arrest and charged with driving under the influence of alcohol, in violation of section 14-227a C.G.S. After the appellant was then arrested, keys to the Jeep were found in his pants pocket.
It must be kept in mind that the issues to be determined by the hearing officer are whether the police officer had probable cause to arrest him for operating while under the influence of alcohol or operating when impaired by consumption of alcohol, and whether the appellant operated the motor vehicle. While the appellant claims on appeal that the evidence is insufficient to show the appellant's condition at the time of the accident, that was not the material question at the administrative hearing. It is true that in order to convict the appellant in a criminal proceeding, that it must be shown that he was under the influence of alcohol at the time he was operating the motor vehicle, and not some later point in time. The question here is whether the police had probable cause to arrest him for operating under the influence, or the lesser offense of operating while impaired, CT Page 1105 an infraction. Probable cause to arrest exists if: (1) there is probable cause to believe that a crime has been committed; and (2) there is probable cause to believe that the person to be arrested committed that crime. State v. Gasparro, 194 Conn. 96, 105. The plaintiff's admissions at the police department that he was driving the vehicle was contained in the record in the police report, supported a conclusion that the plaintiff was operating the motor vehicle and gave the police probable cause for finding operation of the car by the defendant on April 3, 1990. The administrative hearing officer could reasonably find that the defendant operated the car.
The police not only had to have probable cause that the plaintiff was driving the car, but also either probable cause that he was operating under the influence of intoxicating liquor, which was an element of an offense under section 14-227a(a) of the General Statutes, or probable cause that he was operating while impaired by alcohol. The police did not have to have probable cause that he was legally intoxicated at the time he was operating the car, although that would also suffice.
The amount of evidence required to establish probable cause must exceed mere suspicion, but it is substantially less than that required for a conviction; the line between mere suspicion and probable cause necessarily must be drawn by an act of judgment formed in light of the particular situation taking into account all of the circumstances. State v. Patterson, 213 Conn. 708, 720, 721. The observations of the police at the scene of the accident as to the defendant's condition and conduct, supplemented by his actions later at police headquarters as reflected in the police report, were sufficient for the administrative hearing officer to conclude, within his discretion, that the police had reasonable cause for making an arrest on the charge of operating under the influence of intoxicating liquor.
The appellant claims that he was questioned by the police officers without being warned of his rights, and that as a result his license should not be suspended. The police properly asked questions to ascertain if a violation had occurred and to investigate the appellant's initial claim that his car had been stolen. The appellant was asked if he had been drinking and if he was the driver of the car prior to his arrest, which undercuts the claim of illegal postarrest questioning. Moreover, the issue of license suspension at a hearing before the Commissioner for refusal to submit to a test under section 14-227b is independent of the outcome of the disposition of the charge of operating under CT Page 1106 the influence of liquor in violation of section 14-227a. Volck v. Muzio, 204 Conn. 507, 515. In a license suspension hearing whether the operator was warned of the consequences of refusing to submit to chemical tests is not an issue under section 14-227b(d) [now section 14-227b(f)]. Id., 520. The type of warning required in criminal proceedings for a waiver of significant legal rights is not required. Id. at 520, 521; Weber v. Muzio, 204 Conn. 521, 523.
After the hearing on April 27, 1990, the hearing officer concluded that the four elements in the statute had been met. The hearing required is limited to those four issues. Buckley v. Muzio, 200 Conn. 1, 7. Where the administrative determination of the four issues requiring suspension of the plaintiff's operator's license under the complied consent law is reasonably supported by the evidence in the record, the decision must be sustained. Clark v. Muzio, 40 Conn. Sup. 512,514, affirmed, 14 Conn. App. 212, cert. denied 208 Conn. 809. The plaintiff has the burden of proving that the Commissioner, acting on the evidence before him, acted contrary to law and in abuse of his discretion. Demma v. Commissioner of Motor Vehicles, 165 Conn. 15, 16-17. The scope of judicial review under section 4-183(j) is very restricted. C H Enterprises, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12. Where the claim is that the agency made an incorrect decision based on the evidence before it, the court applies the substantial evidence rule, which allows a reversal of the decision only if the conclusion reached was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Lawrence v. Kozlowski, 171 Conn. 705, 713; Persico v. Maher, 191 Conn. 384, 409. The question is not whether the trial court would reach the same conclusion, but whether the record before the agency supports the action taken. Williams v. Liquor Control Commission, 175 Conn. 409,414; Lieberman v. Board of Labor Relations,216 Conn. 253, 262. The question on appeal is whether the Commissioner has acted unreasonably, arbitrarily, illegally or in abuse of his discretion. Buckley v. Muzio, 200 Conn. 1,3; Persico v. Maher, supra, 409. Under the facts here, there is substantial evidence supporting the findings of the Commissioner. The court cannot retry the case or substitute its judgment for that of the Commissioner on the weight of the evidence or questions of fact. Lieberman v. Board of Labor Relations, supra, 262; Madow v. Muzio, 176 Conn. 374,376.
The appeal is dismissed.
ROBERT A. FULLER, Judge CT Page 1107