[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Connecticut Department of Liquor Control which suspended for fifteen days the liquor and consumer bar permits of the plaintiffs' restaurant. On February 19, 1988, the defendant Department notified the plaintiffs of eleven alleged violations arising from two separate incidents. On March 17, 1988, the defendant issued a Notice and Particulars and summoned the plaintiffs to a hearing. Plaintiffs were represented by counsel at the hearing on April 5, 1988. Testimony concerning both incidents was taken and on April 7, 1988, the defendant issued a decision. The decision found against the plaintiffs on charges one through five of the complaint arising from the incident on October 30, 1987, and suspended plaintiffs' permits for a period of fifteen days on each charge to run concurrently. The defendant indefinitely postponed any finding on charges six through eleven which arose from a later incident at at the plaintiffs' premises. The plaintiffs filed this appeal in a timely fashion with proper service and return. The hearing on this appeal was held on February 6, 1991. The plaintiffs are now and have been the owners and permittee of the restaurant since prior to October 30, 1987, and are aggrieved by the defendant's decision suspending their permits.
Charges one through five concern events of the night or October 30, 1987. Soon after leaving plaintiffs' restaurant a minor, Darcy Pyne, was involved in a one car accident in Mansfield when she drove into a light pole at 11:39 p. m. A blood sample taken at 1:05 a.m. by Windham Memorial Hospital registered .287 ethyl alcohol. At 6:00 a.m. Darcy Pyne registered .181 blood alcohol on an intoximeter test administered by Troop C State Police. A photo was taken of the word "ADULT" stamped on her right hand. Darcy Pyne told the police that she displayed her Connecticut driver's license with a yellow "Y" at the door to the plaintiffs' restaurant, paid a five dollar cover charge, had her hand stamped "ADULT" and consumed four or five alcoholic drinks. (Commission exhibit B).
At the hearing before the defendant on April 5, 1988, Darcy Pyne testified that she had not used a counterfeit identification on October 30, 1987, but that she did possess two Connecticut driver's licenses both showing her to be a minor. One license was a renewal stamped with a yellow "Y" indicating youth. She could recall the approach of 9:30 p. m. when the fifty-cent special was to end. (T. pp. 55-59). Ms. Pyne admitted that on previous occasion(s) she had used a false identification to gain entrance to Thumpers, but had lost the identification. She also admitted that it was possible that on October 30, 1987, she had used a friend's identification, but that was not her "first" memory of the evening's events. (T. pp. 60-63). The manager CT Page 4471 to the procedures employed to exclude minors as well as the cover charge and the two hour drink promotions. Neither recognized Darcy Pyne.
Charges six through eleven arise for an undercover operation conducted at Thumpers on December 3, 1987. The defendant made no findings concerning these charges. The plaintiffs have not alleged, nor has this court found, that the testimony on this December investigation in any way influenced the defendant's decision on charges one through five. The testimony on those charges will not be reviewed as a part of this decision.
The Department of Liquor Control acted pursuant to Connecticut General Statutes Section 30-86 in finding against the plaintiffs on charges one and four involving sale and delivery of liquor to a minor. The defendant found against the plaintiffs on charges two and three pursuant to Connecticut General Statutes Section 30-86
for allowing a minor to loiter on the premises. Plaintiff's brief concentrates its arguments against these four findings. On charge five the defendant found the plaintiffs in violation of Section 30-6-A24(c) of the defendant's regulations for permitting an intoxicated person, Darcy Pyne, to loiter on the plaintiffs conceded that age is not an element of this regulation. (T. 2/6/91 pp. 13-14).
The plaintiffs appeal pursuant to Connecticut General Statutes Section 4-183 and claim that the defendant's actions were arbitrary and capricious and an abuse of discretion. They also claim that the evidence was insufficient to support the defendant's findings and that the penalty is excessive.
This court's standard of review of the merits of an agency's decision is limited by Connecticut General Statutes Section 4-183
(g). The agency's decision may not be reversed or modified unless the plaintiffs' "substantial rights . . . have been prejudiced because the administrative findings, inferences, conclusions, or decisions" violate one of the statute's six provisions. Connecticut Light Power Co. v. Department of Public Utility Control, 216 Conn. 627, 637 (1990). This court may not substitute its judgment for that of the agency. Lieb v. Board of Examiners for Nursing, 177 Conn. 78, 92 (1979); Woodbury Water Co. v. Public Utilities Commission, 174 Conn. 258, 263 (1978); Gulf Oil Corporation v. Board of Selectman, 144 Conn. 61-65 (1956); Conley v. Board of Education, 143 Conn. 488, 498 (1956). The question is not whether this court would have reached the same result as the agency. Harrison v. Commissioner, Department of Income Maintenance,204 Conn. 672, 680 (1987). The question is whether on the facts presented the agency made a mistake of law or "reached a conclusion untenable in the light of logic and reason." Williams v. Liquor Control Commission, 175 Conn. 409, 413-414 (1978). The sufficiency CT Page 4472 of the evidence presented to the agency must meet the substantial evidence test by providing "`a substantial basis of fact from which the fact in issue can be reasonably inferred.'" Briggs v. State Employees Retirement Commission, 210 Conn. 214, 217 (1989); Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525,539-541 (1987); Lawrence v. Kozlowski, 171 Conn. 705 713 (1976), [cert. denied 431 U.S. 969 (1977] citing National Labor Relations Board v. Columbian Enameling Stamping Co., 306 U.S. 292,299-300, 59 S.Ct. 501, 83 L.Ed. 660 (1939).
The first of four issues to be decided concern the defendant's findings on charges one through four. Each charge is based on age of the witness, Darcy Pyne. This court has read the transcript and exhibits of the hearing held on April 5, 1988. While Darcy Pyne's memory of the events of October 30, 1987, is less than complete, the defendant's conclusions are based on substantial evidence. The findings explicitly recognize Ms. Pyne's lack of recall of details. The issue of Ms. Pyne's age and the plaintiffs' actions to determine the ages of its patrons were fully explored. The defendant made a large distinction in the way it handled charges six through eleven involving another minor who admittedly used an identification falsely showing her to be over age twenty-one. This court has had no opportunity to hear or view Ms. Pyne. It not only lacks the basis for assessing her credibility, but it also cannot judge how young she appeared to be. The plaintiffs have not met their burden of persuasion on the issues concerning the first four charges. This court may not substitute its judgment for that of the agency particularly in determination, of fact and credibility. Lieb v. Board of Examiners for Nursing, supra, 92; Williams v. Liquor Control Commission, supra, 414.
The second issue to be determined concerns the defendant's findings as to charge five that the plaintiffs permitted an intoxicated person to loiter on their premises. Age is not an element of this charge. The overwhelming evidence against the plaintiffs was not challenged before the agency, in the plaintiffs' brief, or at the trial of this appeal. Darcy Pyne was asked if she had been drinking prior to her arrival at Thumpers or if she went to another establishment after leaving Thumpers. (T. pp. 56, 61-62). Her negative answers to both questions is without hint of contradiction anywhere in this case. The plaintiffs have not met their burden of persuasion on the defendant's findings on charge five.
The plaintiffs complain that the penalty imposed is too severe. However, the plaintiffs have provided no information on guidelines for penalties to be imposed by the defendant. The penalties were all run concurrently. On the face of it, the penalties for serving a minor, who shortly after leaving the plaintiffs' establishment registered .287 blood alcohol, do not CT Page 4473 appear severe. The standard of review of penalties is very narrow. The defendant's conclusions were supported by the evidence and the penalties are within the permissible limits. Sumara v. Liquor Control Commission, 165 Conn. 26, 31-32 (1973). The plaintiffs have not met their burden of persuasion on the penalty issue.
The fourth issue of this appeal concerns the indefinite postponement of findings by the defendant on charges six through eleven. The plaintiffs have not established how their specific personal and legal interest has been specially and injuriously affected by this postponement. Bakelaar v. City of West Haven,193 Conn. 59, 65 (1984); Local 1303 Local 1378 v. FOIC,191 Conn. 173, 176 (1983); Mystic Marinelife Aquarium, Inc. v. Gill,175 Conn. 483, 493 (1978). While the defendant should have made findings on charges six through eleven, those findings would not depend on the outcome of the appeal on the first five charges. Nor does the postponement render the decision made on the first five charges interlocutory. City of New Haven v. New Haven Police Union, 210 Conn. 597, 606 (1989). The plaintiffs are not aggrieved by a final decision on charges six through eleven.
Additionally, the plaintiffs have not pursued the proper remedy for the defendant's postponement of charges six through eleven. The appropriate course of action is an application to the superior court for the judicial district of Hartford-New Britain for an order requiring the agency to render a final decision. Connecticut General Statutes Section 4-189(b).
The plaintiffs have not met their burden of persuasion on the fourth and final issue of this appeal. The plaintiffs' appeal is dismissed.
MULLARKEY, J. CT Page 4474