[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal filed pursuant to Conn. Gen. Stat. Section 4-183 from a Declaratory Ruling of the Division of Special Revenue of the Department of Revenue Services (hereafter "Division") denying the plaintiff's claim to the proceeds from four "Play 4" winning lottery tickets. The Gaming Policy Board rendered its ruling on January 15, 1993. This court held a hearing on the appeal on 9 November 1993.
THE FACTS
On April 26, 1991, the plaintiffs, in the person of CT Page 10619 Frederick R. DiGioia, purchased four (4) "Play 4" lottery tickets bearing the number combination 5013. Each ticket was in the face amount of $5.00. The tickets were purchased at Save-Rite liquors in North Haven, Connecticut. The plaintiffs found out that they had selected the winning combination on the next day April 27, 1991 and that their claim was worth $100,000 collectively. For various reasons, some apparent and some not so apparent, the plaintiffs did not initiate the presentment of the tickets for payment until April 27, 1992. On April 27, 1992 the plaintiff Frederick DiGioia went to the store where he purchased the tickets to check on the date that he won the lottery. The lottery agent at the store called the Lottery Headquarters and the plaintiff was informed that he should try to put the tickets through the agents machine to validate them for payment. Since at the time of the inquiry the plaintiff did not have the tickets in his possession he was advised to obtain them as soon as possible and present them at the Newington office to the Lottery Unit Chief.
The plaintiff's tickets were in a safe deposit box and he did not obtain the key until the 28th of April, 1992. On the same day he presented the tickets to the Lottery Unit Chief, Susan H. White who requested that the plaintiffs put in writing why the tickets were not present earlier. On May 1, 1992 the plaintiffs were informed that their request for payment would be denied because "we found no provision by which we can waive the one year expiration deadline." Based upon this ruling the plaintiffs requested a hearing before the Division. On January 15, 1993 a declaratory ruling was issued pursuant to Administrative Regulations 12-562-53a(e) stating that the plaintiff's claim was untimely and denying the plaintiff's request. The Gaming Policy Board, on January 27, 1993 approved the declaratory ruling.
AGGRIEVEMENT
At the hearing the Defendant stipulated that the plaintiff is legally aggrieved to satisfy the jurisdictional requirements for this court to hear this appeal.
SCOPE OF REVIEW
In reviewing the record the court notes that the plaintiffs on September 21, 1992 filed a petition for a declaratory review and hearing before the Division. On CT Page 10620 November 18, 1992 the Division replied indicating that it intended to issue a declaratory ruling in accordance with section 12-562-53(e). In that notice the Division informed the plaintiff that in accordance with the rules the Division would present the ruling to the Gaming Policy Board for its approval. On January 15, 1993 the ruling was issued. On January 27, 1993 a public meeting was held before the Gaming Policy Board. The plaintiff and his counsel were present during the meeting. The transcript of the hearing shows that the Division accepted the facts alleged by the plaintiff and that it was not a fact finding hearing. In that meeting counsel for the petitioner noted that the Division in its regulatory ruling utilized the facts alleged in his petition. There was no objection offered by the plaintiff to the procedure, found by this court, in the transcript. Therefore this court shall treat the declaratory ruling as final ruling for purposes of appeal in accordance with the provisions of section 4-183 and section 4-176(h).
The court's function in an administrative appeal is not to retry the case or substitute its judgment for that of the agency. Madow v. Muzio, 176 Conn. 374, 376, 407 A.2d 997
(1978). The question is not whether the court would have reached the same decision, but rather whether the evidence in the record reasonably supports the conclusion reached by the agency. Williams v. Liquor Control Commission, 175 Conn. 409,413, 399 A.2d 834 (1978). Inasmuch as the scope of judicial review is so limited, "if the decision of the agency is reasonably supported by the evidence in the record, it must be sustained. C H Enterprises, Inc. v. Commissioner of Motor Vehicles, 167 Conn. 304, 306, 355 A.2d 247 (1964); Hart Twin Volvox Corporation v. Commissioner of Motor Vehicles,165 Conn. 42, 49, 327 A.2d 588 (1973); Derma v. Commissioner of Motor Vehicles, 165 Conn. 15, 17, 327 A.2d 569 (1973); Paul Bailey's Inc. v. Kozlowski, 167 Conn. 493, 496-97, (1975)." Madow, supra at 376-77.
This view of the court's function has been repeatedly reaffirmed:
 "Judicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very CT Page 10621 restricted. Lawrence v. Kozlowski, 171 Conn. 705, [707-708,] 372 A.2d 110
(1976). Neither this court nor the trial court may retry the case or substitute its own judgment or that of the defendant." CH Enterprises, Inc. v. Commissioner of Motor Vehicles, 168 Conn. 587, 589, 362 A.2d 840 (1975); see General Statutes 4-183 (g). "The court's ultimate duty is only to decide whether, in light of the evidence, the [commissioner] has acted unreasonably, arbitrarily, illegally, or in abuse of [his] discretion." Burnham v. Administrator, 184 Conn. 317, 322, 439 A.2d 1008 (1981); Riley v. State Employees' Retirement Commission, 178 Conn. 438, 441, 423 A.2d 87 (1979); see also Persico v. Maher, 191 Conn. 384, 409, 465 A.2d 308 (1983).
Buckley v. Muzio, 200 Conn. 1, 3 (1986) (footnote omitted).
Thus, this court sits as an appellate tribunal to determine only if, as a matter of law, the Board's decision is illegal, arbitrary or in abuse of its discretion.
CAN A LOTTERY TICKET THAT HAS BEEN PRESENTED FOR VALIDATION TWO DAYS AFTER THE ONE YEAR LIMITATION BE VALID.
In reviewing the record it is clear that the tickets were purchased on 26 April, 1991. They were not physically presented for validation until 28 April, 1992. On the reverse side of all lottery tickets the following paragraphs appear:
 "This ticket is a bearer instrument. Anyone possessing a winning ticket may claim the prize. Valid only for date(s) shown. Prize must be claimed within one year from the drawing date. . . (Emphasis supplied)
 "TO CLAIM YOUR PRIZE: Present winning ticket(s) to any on-line sales agent. Validated winning tickets valued up to CT Page 10622 $599 each are eligible for instant payoff by any on-line sales agent. Validated winning tickets higher than $599 each will be paid by check after claim is filed by on-line sales agent. They can be presented or mailed to Lottery Claims, 555 Russell Road, Newington 06111 or to Off-Track Betting, Bevy Shopping Center, Boston Avenue, Bridgeport for immediate payment by check. For claimant information, call 1-800-628-3080. . ."
Lottery regulation section 12-568 (c)(1) provides that "prizes maybe claimed in accordance with official procedures or an emergency procedures as prescribed by the executive director with the advice and consent of the Board, if applicable." Section 12-568-5 (c)(2) specifically provides that: "to be valid, claims must be presented within the following time periods . . . [o]n-line . . . [o]ne year from the drawing date printed on the ticket."
DID THE PLAINTIFFS MAKE A TIMELY PRESENTMENT FOR VALIDATION OF THEIR WINNING TICKETS.
1. WAS THE CLAIM FOR PRESENTATION, AS A MATTER OF LAW, WITHIN THE ONE YEAR LIMITATIONS.
The plaintiffs have presented three arguments to this court in an attempt to qualify their presentment for validation within the one year regulatory period.
a. Should the Court exclude the day of the event and include the terminal date?
The plaintiff argues that as a matter of law this court should exclude the day of the event and include the terminal date. To support his position, the plaintiff points to other areas of law where the rule has been applied. Here, where the intent of the regulation is clear this court finds no reason or merit to plaintiffs legal argument.
b. Should the Sunday exclusionary rule apply?
It is the plaintiffs claim that since the year anniversary date fell on a Sunday that the Sunday exclusionary CT Page 10623 rule should apply. Plaintiffs claim is that the lottery agent where the tickets were purchased, was not available for validation and the Newington office was not opened; therefore this court should exclude Sunday as a day counted for validation purposes. It is the courts finding that the fact that the last day for redemption fell on Sunday is of no merit. The record shows that there were 1,721 on-line agents available for redemption on that particular day. Each of them, by regulation, had the authority to validate the plaintiffs tickets as winners for payment. For better or worse, everyone has the ability to purchase a winner on Sunday, therefore they have the comparable obligation to validate a winner on Sunday if that happens to be the day the year anniversary falls upon.
c. Even if the court accepts the Sunday rule was valid there was not a presentment made within the year period.
The record shows that the plaintiff went to the on-line agent on 27 April, 1992 to see if his tickets were still valid at that point of time. He made this inquiry without actually presenting the tickets for validation because he still did not have access to them. The agent connected him with Lottery Headquarters who instructed him to bring the tickets to Newington Headquarters as soon as he got them in his possession. The plaintiff did so on the next day. It is a finding of this court that the mere inquiry, without presentment of the actual tickets, to the on-line agent is insufficient to satisfy the validation necessary. Physical presentment of the lottery tickets within the regulatory time period is a necessity to be declared a winner.[1]
THE PLAINTIFFS HAVE NOT BEEN DENIED DUE PROCESS OF LAW
It is the plaintiffs argument that their ticket claims are vested property rights protected by the United States and Connecticut Constitution. In reviewing the regulations governing the claims process this court finds them to be a fair and concise explanation of the claims process which are conspicuously placed on the back of the ticket that specifically informs the potential claimant that the time period of one year is allotted to claim their winnings. Until that ticket is presented with in the one year period this court finds that the plaintiff possesses no vested right to the potential winnings.[2]
CT Page 10624
The Division has chosen a reasonable period to allow a claimant to present their claims. It is a period of time that is not excessively short nor is the claim process loaded with Byzantine machinations to become a vested winner. Simple presentment within a year is all that is required. There is no merit to the plaintiffs constitutional claim.[3]
THE PLAINTIFFS TICKETS WERE NOT MISSING TICKETS
Lottery regulation 12-568-5 (1)(3)(A)(B) states:
 (3) Missing ticket. Prizes shall be awarded only upon presentation of a valid winning ticket except that the executive director may authorize payment in the absence of such a ticket if:
 (A) The claimant provides sufficient information to allow the division to verify the initial purchase as well as the ownership of the missing ticket, and
 (B) No competing claims are presented or the time has expired within which any other claim would have to be honored pursuant to subsection (c)(2) of this section.
Here the records shows no claim for a missing ticket was made within the one year period. Further the facts as agreed to by the parties clearly indicate that in the true sense of the definition of "missing" the tickets were not missing. At best they were inaccessible when the initial inquiry to the on-line agent was made.
LOTTERY TICKETS ARE BEARER INSTRUMENTS THAT REQUIRE VALID PRESENTMENT FOR REDEMPTION.
All parties agree that lottery tickets are bearer instruments. It is the plaintiffs argument that the mere notice of intent to file a claim is sufficient to preserve his claim under the Uniform Commercial Code. This argument is of no merit.
After careful review of the Gaming Policy Board, ruling CT Page 10625 not illegal, arbitrary or an abuse of discretion.
This court affirms the ruling of the Gaming Policy Board. The appeal is dismissed.
Norko, J.