[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 30, 1996
The Appellant is a constituent unit of the state system of higher education, pursuant to General Statutes § 10a-1 et seq. The Respondent is the State of Connecticut Freedom of Information Commission (hereinafter FOIC) established pursuant to General Statutes § 1-21j.
The Appeal challenges an FOIC ruling that certain audio tapes of a student disciplinary hearing are public records under General Statutes § 1-19 (a) and thus subject to public disclosure.
The underlying facts are not substantially disputed. Mr. Michael A. Lombardo, an adjunct faculty member at ECSU, lifed a complaint against one of his students in accordance with "The Connecticut State University Guidelines for Student Rights and Judicial Procedures."
Hearings on Mr. Lombardo's complaint were held on November 3, 11, and 18, 1994. The hearings were open and tape recorded.
On November 21, 1994, Mr. Lombardo, who had attended the hearing requested in writing from the President of ECSU, copies of the tape recordings of the three days of hearings. Respondent's counsel by letter of November 29, 1994 denied Mr. Lombardo's request for copies of such recordings.
Mr. Lombardo, on December 21, 1994, appealed to the FOIC concerning the failure to disclose the audio recordings. The FOIC appeal was heard as a contested case on August 8, 1995, before Commissioner Rosalind Berman. Mr. Lombardo and the respondent presented testimony, exhibits and argument at the hearing.
The FOIC, on October 10, 1995, forwarded to the parties a proposed finding by Commissioner Berman, concluding that the audio tapes are public records pursuant to General Statutes §1-19 (a) and thus discloseable.
The proposed findings were considered by the full FOIC on October 25, 1995. The appellant objected to the proposed findings. The FOIC amended the draft decision's findings, but adopted the conclusion that the audio tapes are discloseable public records pursuant to General Statutes § 1-19 (a). The FOIC's final decision dated October 25, 1995 was issued on November 1, 1995. CT Page 5472
This Appeal of such decision was timely filed on December 8, 1995.
The Appellant filed a Petition for Reconsideration and Stay on November 9, 1995 of the FOIC decision on or about December 29, 1995. The FOIC, on January 24, 1996, voted to deny the request for reconsideration, but granted the stay.
The FOIC decision orders Appellant to provide the Complainant (Mr. Lombardo) with access to a copy of the audio records with deletions of any student names and medical information.
The Appellant's claims are essentially 1) that federal law (Family Education Rights and Privacy Act of 1974 hereinafter FERPA, 20 U.S.C. § 1232g) provides an exception under General Statutes § 1-19 (a) to the general rule of disclosure of public records and 2) that disciplinary hearings are not public meetings for purposes of General Statutes § 1-18a(b). The other issues raised in the appeal but not briefed are viewed as abandoned. Collins v. Goldberg, 28 Conn. App. 733, 758 (1992).
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for CT Page 5473 that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.)Board of Education v. Freedom of Information Commission,208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381, 385
(1988).
General Statutes § 1-19(a) provides an exception to the rule of disclosure of records of a public agency: providing in pertinent part "[e]xcept as otherwise provided by any federal law or state statute . . ."
Appellant argues that FERPA, 20 U.S.C. § 1232g, (also known as the "Buckley Amendment") prohibits the disclosure of educational records (including disciplinary records) without the consent of the student.
The FOIC decision found that the ECSU hearings constitute "disciplinary action or proceedings" within 34 C.F.R. § 99.3 and that the tapes of the hearings were disciplinary records within the definition of 20 U.S.C. § 1232g(h). Finding, further, that the complainant Mr. Lombardo as a teacher with a legitimate CT Page 5474 educational interest in the student's behavior was entitled under FERPA to access to such records without the student's consent (20 U.S.C. § 1232g(h) and 34 C.F.R. § 99.3 (Finding 1823)). The factual findings are reasonably supported by evidence presented at the hearings. There was no dispute that the student was in Mr. Lombardo's class and that the ECSU hearing addressed the student's behavior in a disciplinary context. This court will not retry the case where the agency's decision is reasonably supported by the evidence. Caldor Inc. v. Heslin, 215 Conn. 590,596 (1990); Nadeau v. Muzico, 176 Conn. 374, 376 (1978): ColtEnterprises Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11,12-13 (1978); Williams v. Liquor Control Commission, 175 Conn. 409,414 (1978).
The Appellant's claim of exemption under FERPA also fails as a matter of law. FERPA provides in pertinent part:
 No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of educational records . . .
20 U.S.C. § 1232 (g)(b)(1). The FOIC correctly characterized this requirement as merely a precondition for federal funds.
Our Supreme Court in Maher v. FOIC, 192 Conn. 310 (1984), addressed a directly analogous claim. In Maher the Department of Income Maintenance (DIM) asserted Medicaid privacy provisions (42 U.S.C. § 1396 et seq.) to assert a § 1-19 (a) exemption to public record disclosures. In rejecting such a defense the Court held at 192 Conn. 318:
 Nothing in the federal regulatory scheme per se prevents a state legislature from enacting binding legislation, as part of its Freedom of Information Act, or elsewhere, that is inconsistent with Medicaid safeguards. The consequence of such legislative action would be to deprive the state of the benefit of federal Medicaid moneys. While the DIM might well deplore such result, it would have no standing to contest it. Federal law thus provides no direct defense to the disclosures that the FOIC has directed.
Similarly, here federal law in the form a funding preconditions, provides no defense to the FOIC ordered disclosures. CT Page 5475
A North Carolina Court similarly determined that FERPA is not a law which prohibits the disclosure of student records, but merely imposes a funding pre-condition for nondisclosure. StudentBar Assn. v. Byrd, 293 N.C. 594, 239 S.E.2d 415, 419 (1977). Also, see in accord Bauer v. Kincaid, 759 F. Sup. 575, 589 (W.D.Mo. 1991).[1]
The Appellant's argument that the disciplinary hearings are not meetings within General Statutes § 1-18a(b) does not withstand a review of the plain meaning of the statutes General Statutes 1-18a(d):
 Public records or files means any recorded data or information relating to the conduct of the public's business prepared, owned, used, received or retained by a public agency, whether such data or information be handwritten, typed, tape-recorded, printed, photostated, photographed or recorded by any other method.
"The Freedom of Information Act expresses a strong legislative policy in favor of the open conduct of government and free public access to government records . . . The general rule under the act . . . is disclosure." Wilson v. FOIC, 181 Conn. 324, 328-29
(1980).
The public access to public records is the policy and expressed statutory right. It is not dependent on whether it records a public meeting.
The Appeal is Dismissed.
MCWEENY, J.