META HARRISON *v.* COMMISSIONER, DEPARTMENT OF INCOME MAINTENANCE (13101)

HEALEY, SHEA, CALLAHAN, HURLEY and LEWIS, Js.

Argued May 14—decision released August 11, 1987

*Robert A. Nagy,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant-appellee (defendant).

*Michael J. Whalen,* with whom, on the brief, were *John A. Keyes* and *Martin Looney,* for the appellee-appellant (plaintiff).

ARTHUR H. HEALEY, J. The primary issue in this appeal and cross appeal is whether the trial court erred in ordering that the case be remanded to the defendant, the commissioner of the department of income maintenance, for a "new full hearing" on the plaintiff Meta Harrison's application for assistance under the title XIX medical assistance program (Medicaid). 42 U.S.C. § 1396 et seq;[1] General Statutes §§ 17-134a et seq. We find no error.

The underlying facts are not in dispute. On August 3, 1984, the plaintiff applied to the defendant for benefits pursuant to Medicaid. Prior to filing the application, the plaintiff, on September 30, 1983, had made gifts of $10,000 to each of her two daughters, retaining for herself assets of approximately $29,000.[2] At the time of the transfers, the plaintiff had been living alone, had been confined to a "bed/chair situation" and had required the assistance of home health care professionals to meet her needs.[3] On October 26, 1983, less than one month after she had made the transfers to her daughters, the plaintiff was admitted to the Hamden Health Care Facility.

On December 4, 1984, the defendant's district office issued a ruling on the plaintiff's application for Medi-

---

[1] Pursuant to the standard set forth in *Schieffelin & Co.* v. *Department of Liquor Control,* 202 Conn. 405, 409–11, 521 A.2d 566 (1987), the judgment of the trial court ordering further administrative proceedings is an appealable final judgment.

[2] At this time, the plaintiff also had a monthly income of $624.86 in railroad retirement benefits.

[3] The hearing officer found that one of the plaintiff's daughters, Lois Lincoln, paid, on behalf of her mother, approximately $1450 for these services from 1978 through the spring of 1983 and that there had not been a written or oral agreement that the plaintiff would repay her daughter for these expenditures.

caid benefits. The defendant denied the application on the ground that the plaintiff had transferred $20,000 in assets within two years of applying for assistance and had failed to demonstrate that these assets had been transferred exclusively for some purpose other than qualifying for assistance. The projected date of eligibility, barring any unforeseen expenses, was determined to be September 1, 1985.[4]

On December 21, 1984, the plaintiff, alleging that she had been aggrieved by the denial of her application for Medicaid benefits, requested a fair hearing pursuant to General Statutes § 17-2a. After a hearing had been held, the hearing officer, on March 13, 1985, affirmed the district office's denial of the plaintiff's application, concluding that "[w]hile it is probable [that] the [plaintiff] had in mind some other purpose than qualifying for assistance when she transferred the assets in question, the fact remains that in so doing she left herself unable to provide for her reasonably foreseeable needs for the next 24 months. When this is the case, the intent to bring about this result *must* be inferred and the individual is ineligible for assistance."(Emphasis added.)

On April 3, 1985, the plaintiff filed a timely appeal in the Superior Court pursuant to General Statutes § 4-183 et seq. The Superior Court, on March 4, 1986, issued an order remanding the matter for a "new full hearing before a departmental hearing officer . . . ." In its memorandum of decision, the court confirmed the factual findings of the hearing officer noting also

---

[4] The district office found that the plaintiff's monthly pension and the retained assets would pay for the cost of the plaintiff's care through September 18, 1984. The document denying eligibility projected the date of eligibility to be September 1, 1985. Thus, the period of ineligibility due to the transfers, which is in dispute in this case, is approximately eleven and one-half months. The plaintiff was, in fact, granted eligibility for Medicaid benefits on September 1, 1985, the date projected in the December 4, 1984 denial. This appeal, therefore, concerns only the plaintiff's eligibility for assistance from the date of her application until September 1, 1985.

that "[t]he remaining $29,183.00 in and of itself was sufficient to disqualify the [plaintiff] for Title XIX [Medicaid] assistance . . . ." Although the court concluded that the department hearing officer had not acted arbitrarily, illegally or in an abuse of his discretion, the court remanded the matter for a "new full hearing" presumably because it had found that the plaintiff "*may not have failed to show* that the $20,000.00 transfer of assets was done exclusively for some other purpose, other than qualifying for assistance." (Emphasis added.)

On March 26, 1986, the defendant filed an appeal from the judgment of the trial court in the Appellate Court, and on April 3, 1986, the plaintiff filed a cross appeal. On February 18, 1987, this court transferred the appeal and cross appeal to itself. Practice Book § 4023.

On the appeal, the defendant claims that the trial court, after having concluded that the department hearing officer had not acted arbitrarily, illegally or in abuse of his discretion in denying the plaintiff's application, erred in remanding the matter to the department for a new full hearing. On the cross appeal, the plaintiff claims that the trial court erred in (1) "remanding the case for further proceedings when the plaintiff had met her burden of proof" that the transfer was done for some purpose other than qualifying for assistance and "the hearing officer had so found," and (2) finding that the actions of the defendant were not illegal, arbitrary, or an abuse of discretion.

In order properly to address the merits of the claims raised by the parties, we must first set out the relevant statutory framework for determining eligibility for title XIX assistance. The relevant statutes are found in General Statutes § 17-134a et seq. and 42 U.S.C.

§ 1382 et seq.[5] General Statutes§ 17-134b (a) provides in part: "Medical assistance shall be provided for any otherwise eligible person . . . if such person has not made, within twenty-four months prior to the date of application for such assistance, an assignment or transfer or other disposition of property for less than fair market value for the purpose of establishing eligibility for benefits or assistance under this section. Any such disposition shall be presumed to have been made for the purpose of establishing eligibility for benefits or assistance unless such person furnishes *convincing evidence* to establish that the transaction was exclusively for some other purpose." See also Regs., Conn. State Agencies § 17-2-180.[6] Section 1396p (c) (1) of title 42 of the United States Code provides in part: "If the State plan provides for the denial of such [medical] assistance by reason of [a disposal of resources for less than fair market value within the 24 months preceding the date of application], the State plan shall specify a procedure for implementing such denial which . . . is not more restrictive than the procedure specified in [42 U.S.C. §] 1382b (c) . . . ." Section

---

[5] The purpose of the medical assistance program is to allow a state, as far as practicable, to furnish medical assistance to individuals "whose income and resources are insufficient to meet the costs of necessary medical services." 42 U.S.C. § 1396. By enacting certain "transfer of assets" provisions, state and federal law have attempted to prevent the government from having to subsidize the care of individuals who are in a position to pay the cost of such care out of their own income or resources. See 42 U.S.C. § 1396p (c); General Statutes § 17-134b.

[6] The Regulations of Connecticut State Agencies, § 17-2-180 provides: "APPLICANTS WHO HAVE TRANSFERRED PROPERTY WITHIN TWENTY-FOUR MONTHS PRIOR TO APPLYING FOR ASSISTANCE.

"(a) INELIGIBILITY. Any applicant shall be ineligible, if, within twenty-four months prior to the date of application, he/she has made an assignment, transfer, or other disposition of property for less than fair market value for the purpose of establishing eligibility for General Assistance. . . .

"(f) TRANSFER MUST BE EXCLUSIVELY FOR SOME PURPOSE OTHER THAN ESTABLISHING ELIGIBILITY. Any transfer of property for less than fair market value shall be presumed to have been made for the purpose of estab-

1382b (c) (2) provides: "Any [such] transaction . . . shall be presumed to have been made for the purpose of establishing eligibility for benefits or assistance under this chapter unless such individual . . . furnishes *convincing evidence* to establish that the transaction was exclusively for some other purpose." (Emphasis added.) See also 20 C.F.R. § 416.1246 (e).

To aid in determining whether a transfer has been made exclusively for some purpose other than establishing eligibility, the defendant has included a provision in the department policy manual, which the plaintiff refers to as the "foreseeability test," that provides that if an applicant has failed to retain sufficient assets to meet his reasonably foreseeable needs for twenty-four months after the transfer, *"it must be inferred"* that that transfer was not made exclusively for some other purpose and that the applicant, except in circumstances not applicable to this case, *"must* be found ineligible for assistance."[7] (Emphasis added.) It

---

lishing eligibility unless the individual furnishes convincing evidence to establish that the transaction was exclusively for some other purpose. The presence of one or more of the following factors, while not conclusive, *may* indicate that resources were transferred exclusively for some purpose other than establishing eligibility. These factors are not necessarily all-inclusive in making such an evaluation:

"(1) The occurrence *after* the transfer of:

"(A) traumatic onset of disability which results in the inability of the transferor to provide for his/her own support;

"(B) unexpected loss of other resources and/or income which would theretofore have precluded eligibility;

"(2) The uncompensated value of the transfer, even when combined with the transferor's other resources, would have been below the resource limit during each of the preceding 24 months if the transferred resource had been retained;

"(3) Court-ordered transfer." (Emphasis in original.)

[7] Volume 1 of the Connecticut Department of Income Maintenance Manual, c. III, Index 326 (L) provides: "TRANSFER MUST BE EXCLUSIVELY FOR SOME PURPOSE OTHER THAN ESTABLISHING ELIGIBILITY.

"The presumption that a resource was transferred to establish eligibility is successfully rebutted only if the individual demonstrates that the property was transferred *exclusively* for some other purpose. If the individual

is apparent from the memorandum of decision issued by the hearing officer that, in denying the plaintiff's application, this provision of the department policy manual was relied upon by the hearing officer.

I

It will be helpful if we address first the claims raised by the plaintiff in her cross appeal. The plaintiff's first claim is that the trial court erred in "remanding the case for further proceedings when the plaintiff had met her burden of proof and the hearing officer had so found." In making this claim, the plaintiff focuses on the following language of the hearing officer: "While it is probable the [plaintiff] had in mind some other purpose than qualifying for assistance when she transferred [the assets in question], the fact remains that in so doing she left herself unable to provide for her reasonably foreseeable needs for the next 24 months." She also relies on the following conclusion of the trial court: "Looking at this case in its totality, and in view of the fact that [the plaintiff] retained $29,183 and interest on that sum, more than enough to render [the plaintiff] ineligible for Title XIX aid, this writer believes that the [plaintiff] may not have failed to show that the $20,000 transfer of assets was done exclusively for some other purpose, other than qualifying for assistance."

The plaintiff argues that from the language quoted above, it is clear that the hearing officer found that she

had some other purpose for transferring the resource which was *in addition* to the purpose of establishing eligibility for benefits, the presumption is *not* successfully rebutted.

"Thus, if the individual has left himself unable to provide for his own support for twenty-four months after the transfer, an intent to bring about this result *must be inferred* from his action, and, consequently, even though such an individual had, in addition, some other purpose for transferring the property, such a transfer *cannot* be one made *exclusively* for some other purpose, and such an individual must be found ineligible for assistance, except as provided in Sections M. and N." (Emphasis in original.)

had met her burden of proof but denied eligibility because of a mechanical application of the "foreseeability test as set out in the department policy manual." The plaintiff interprets the trial court's ruling quoted above as "properly ignoring the illegal foreseeability test," which requires a mandatory presumption with only limited exceptions. The plaintiff argues that the trial court's remand for a new hearing is unnecessary because the hearing officer did find "essentially that the statutory burden had been met." We disagree.

The quoted passage of the hearing officer, that it is "probable" that the plaintiff may have had in mind "some other purpose," falls far short of the finding necessary to rebut successfully the presumption established by state and federal law, namely, that the applicant "establish that the transaction was *exclusively* for some other purpose." (Emphasis added.) 42 U.S.C. § 1382b (c) (2). To say that some purpose was "probable" is not the same as *finding* that it was the *exclusive* purpose motivating the transfer. A new hearing is therefore necessary to determine the purpose of the transfer. At all times, the burden of establishing eligibility is on the applicant. *Lavine* v. *Milne,* 424 U.S. 577, 583–84, 96 S. Ct. 1010, 47 L. Ed. 2d 249 (1976). The trial court did not err in remanding the case for a "new full hearing."

## II

The plaintiff's second claim is that the trial court erred in concluding that the hearing officer did not act arbitrarily, unreasonably, or in abuse of discretion. It is the plaintiff's position that the standard set forth in the department policy manual, as applied by the hearing officer, is not permissible under state and federal law and, therefore, the hearing officer's application of that standard was unreasonable and an abuse of discretion. We agree.

We are aware that "[i]n reviewing the action of an administrative agency the trial court must accept the evidence presented to such agency uncoated by any judicial gloss. 'Conclusions reached by an administrative body must be upheld by the court if they are supported by the evidence that was before the administrative body. *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* 165 Conn. 559, 563, 345 A.2d 520 [1973]. . . . It is not the function of the court to retry the case. The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken. *Conley* v. *Board of Education,* 143 Conn. 488, 492, 123 A.2d 747 [1956].' *Williams* v. *Liquor Control Commission,* 175 Conn. 409, 414, 399 A.2d 834 (1978)." *Hospital of St. Raphael* v. *Commission on Hospitals & Health Care,* 182 Conn. 314, 318, 438 A.2d 103 (1980).

The grant of authority allowing judicial review of agency action includes the authority to review the propriety of the standards relied upon by the defendant in effecting its delegated duties. *Morgan* v. *White,* 168 Conn. 336, 348, 362 A.2d 505 (1975). It is fundamental that an agency must act within its statutory mandate and that it has no authority to modify, abridge or otherwise change the statutory provisions under which it acquires authority. *Phelps Dodge Copper Products Co.* v. *Groppo,* 204 Conn. 122, 128, 527 A.2d 672 (1987).

It is clear from what we have set out that the pertinent provision of the department policy manual, as applied by the hearing officer, is inconsistent with the federal and state statutes, as well as the federal and state regulations, in that the department policy manual sets forth a stricter standard for overcoming the presumption of purpose. The statutes and the regula-

tions provide that regardless of the fact that a transfer has been made in the previous twenty-four months, a person can establish eligibility if that person furnishes *convincing evidence* to establish that the transaction was made exclusively for some purpose other than qualifying for assistance. The department policy manual, however, provides that if, after the transfer, "the individual has left himself unable to provide for his own support for twenty-four months . . . an intent to bring about this result *must be inferred* . . . ." (Emphasis in original.)[8] 1 Conn. Dept. of Income Maintenance Manual, c. III, Index 326 (L). Indeed, the hearing officer actually concluded that the plaintiff's intent to render herself eligible for assistance *"must* be inferred." (Emphasis added.) Because this inference, as applied by the hearing officer, was mandatory and thus without regard to whether the plaintiff presented "convincing evidence to establish that the transaction was exclusively for some other purpose" than qualifying for assistance, the department policy was not applied consistently with the federal and state statutes or the applicable regulations. 42 U.S.C. § 1382b (c) (2); see *Buckner* v. *Maher,* 424 F. Sup. 366, 373 (D. Conn. 1976), aff'd, 434 U.S. 898, 98 S. Ct. 290, 54 L. Ed. 2d 184 (1977); *Morgan* v. *White,* supra, 348–49. The hearing officer's application of this presumption was therefore erroneous and an abuse of discretion. A new hearing is required. See General Statutes § 4-183 (g). The purpose of the hearing is to establish the intent of the plaintiff; that is, to determine whether the plaintiff has furnished "convincing evidence to establish that the transaction was exclusively for some other purpose" than qualifying for assistance. 42 U.S.C. § 1382b (c) (2); General Statutes § 17-134b.

---

[8] We note that there are a few limited exceptions to this presumption, none of which are applicable in this case.

## III

On the appeal, the defendant claims that the trial court erred in remanding the case for a new hearing after it had found that the agency had not acted illegally, arbitrarily, or in abuse of discretion in denying the plaintiff's application. The defendant argues that the trial court's finding is "incompatible and, indeed, inconsistent with a remand."[9] While we agree that, absent a finding that the hearing officer acted arbitrarily, illegally, or in abuse of its discretion, a remand order is improper, we disagree with the finding by the trial court that the hearing officer did not act arbitrarily, illegally or in abuse of discretion. As we have concluded in part II above, the hearing officer acted erroneously by applying the standard set forth in the department policy manual to the plaintiff's application. Thus, the decision of the hearing officer cannot stand. A new hearing is necessary to determine whether the plaintiff acted exclusively for some purpose other than to qualify for assistance in transferring the $10,000 gifts to her daughters.

There is no error.

In this opinion the other justices concurred.

---

[9] Despite the defendant's claim that the trial court's finding is "incompatible and, indeed, inconsistent with a remand," we note that the defendant did not file a motion for articulation or rectification in the trial court. See Practice Book § 4051.