[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action appealing the decision of the State board of Education sustaining the Ellington Board of Education's denial of plaintiffs' request to reinstate the location of a school bus stop for plaintiffs' children. The action is brought pursuant to Sections 10-187 and 4-183 of the Connecticut General Statutes. Plaintiffs, residents of Ellington, are parents of the two children, age 7 and 5 respectively, who attend the Windermere Public School. Until August, 1989, the childrens' designated bus stop was located in front of their home at 11 Ridgeview Drive. (See Return of Record, Exhibit 2b). Thereafter, the Ellington Board changed the location of the bus stop to the intersection of Ridgeview opposite their house. Neither Ridgeview Drive nor Abbott Road have sidewalks.
When notified of this determination, plaintiffs requested and were granted a hearing before the local board' s Transportation Committee. The local board denied the petition and the plaintiffs appealed to the Connecticut State Board of Education. The state board held a hearing on October 30, 1989 in which the issue was whether or not the Ellington Board of Education acted in an arbitrary, capricious or unreasonable manner regarding transportation service to plaintiffs' children. The specifics of the plaintiffs' claims to the State Board were: (1) that approximately one year earlier, the Ellington Board of Education had determined that the bus stop at the intersection of Ridgeview and Abbott was dangerous and ordered the bus company to pick up the plaintiffs' children in front of their house; and (2) that the Transportation Committee of the Ellington Board either ignored, disregarded CT Page 1944 or misinterpreted its stated policies because: (a) it found the location of the Ridgeview-Abbott bus stop to be different than it actually was; (b) it failed to consider the traffic count on Abbott Road; (c) it failed to find hazardous the golf course driveway on Abbott Road; and (d) it failed to find that a vacant lot at the intersection constituted an attractive nuisance.
In the course of the hearing before the State Board, the plaintiff, Kathleen Fitzgerald, testified about the prior change of location of the bus stop, her count of traffic in course of sixty cars per hour at various times of day between the dates of October 23 and October 30, 1989 at the golf course driveway on Abbott Road, the opening and closing times of Windermere School, the times of day the school bus picked up and discharged students at the Ridgeview-Abbott stop, the fact that neither Ridgeview Drive nor Abbott Road have sidewalks and her opinion that both the country club driveway and the vacant lot constituted attractive and/or hazardous nuisances as defined in Section 2(b) 4 of the Transportation Guidelines of the Ellington Board.[1] Section 2(c) of those same guidelines states that any street which has no sidewalks "shall be deemed hazardous" if it has a traffic count of sixty or more vehicles per hour during the time children are walking to or from the school bus stop and the children are in grades kindergarten through 5, or if attractive nuisances as defined in 2(b)4 exist, or if the speed limit on the the street exceeds thirty miles per hour and the children are enrolled in grades kindergarten through 5.
The Ellington Board presented into evidence a videotape of traffic on Abbott Road at Ridgeview Drive between the hours of 8:13 and 8:34 a.m. on October 25, 1989 which showed a total of thirty cars in that time span. The parties stipulated that traffic on Ridgeview Drive was less than sixty cars per hour. The defendant also introduced evidence of the number of students transported by bus daily, the numbers of miles the buses covered and the claim that student safety was the foremost concern when locating school bus stops. There was also evidence about the visibility of the subject bus stop by motorists on Abbott Road, the instructions given the children about where to wait for the bus and that they may cross the street only when the bus driver tells them to, opinion testimony that neither the lot nor the golf club entrance constituted an attractive nuisance and testimony that Ridgeview Drive is the actual location of the bus stop waiting area and Abbott Road becomes involved only after the bus arrives and the driver signals the children to cross Abbott. (See Transcript pp. 51, 57, 101 and 116). CT Page 1945
Among its claims regarding the appeal to this Court, the state board asserted, by way of special defense, that this Court lacks jurisdiction because the plaintiffs failed "to allege facts sufficient to constitute aggrievement within the meaning of Conn. Gen. Stat. Sec. 4-183 (a). "The state board abandoned this claim in its brief, however. The parties stipulated that the court decide this action on the briefs without oral argument. The plaintiffs are aggrieved within the meaning of the statute because they are residents of the Town of Ellington, the parents of two elementary school children enrolled in a public school and because the location of the bus stop in issue is the one designated for their children.
The plaintiffs claim that the Ellington Board acted illegally because, first, it disregarded its Transportation Guidelines and second, because the State Board applied an incorrect standard of review as manifested by its conclusion that ". . . this Impartial Hearing Board cannot conclude that the Ellington Board of Education's decision was irrational, foolish, absurd or senseless. "
With respect to the first claimed error, it is without merit. It was the function of the State Board hearing officer to determine the issue under 10-186 of our Statutes. In accordance with 10-187 of those Statutes, this Court is concerned only with the action of the State Board. There was a full hearing. The question is whether the record supported the conclusions of the hearing officer. He was charged with determining the issues of fact and the credibility of witnesses. Hospital of St. Raphael vs. Commission On Hospitals Health Care, 182 Conn. 314, 318 (1980). It is not the function of this Court to retry the case. Conley vs. Board of Education, 143 Conn. 488, 492 (1956). Rather, this Court is to determine whether or not the State Board's conclusions are supported by the record. Harrison v. Commissioner, 204 Conn. 672, 680 (1987). In the record of appeal, there is ample evidence to support the hearing officer's conclusion that the bus stop is on Ridgeview Drive rendering allegations of attractive nuisance and hazardous conditions on Abbott Road inapplicable.
We turn next to the plaintiffs' averment that the State Board hearing officer applied an incorrect standard for review. Plaintiffs cite his use of the verbiage "irrational, foolish, absurd or senseless" as opposed to the words, "illegal, arbitrary or capricious".[2]
"`Arbitrary' means' [w]ithout adequate determining CT Page 1946 principle . . . not governed by any fixed rules or standard. . . `unreasonable' means `irrational"' . State vs. S 
R Sanitation Services, Inc., 202 Conn. 300, 312 (1987). "Capricious" means changeable in purpose or view; freakish; whimsical. Ballentine's Law Dictionary, (3d Ed., 1969). "Illegal" means contrary to law, Id.
While the hearing officer did not use the precise and standard language defining the test to be applied to the Ellington Board's decision, he employed language that is essentially the same in meaning. Consequently, this Court finds that he did apply the correct standard of review.
For the reasons stated, the appeal is dismissed and judgment may enter for the defendants.
Scheinblum