[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the Commissioner of Motor Vehicles (Commissioner) ordering the suspension of the plaintiff's motor vehicle operator's license.
On August 22, 1990, the plaintiff, Roger Dusi, Jr. (Dusi), was arrested for operating a motor vehicle while under the influence of intoxicating liquor in violation of Conn. Gen. Stat. 14-227a, (Tran. R. Doc. 7 and 8). The plaintiff submitted to a breath analysis instrument test which resulted in a blood/alcohol content (BAC) reading of over .10. (Tran. R. Doc. 7). On August 30, 1990, the Commissioner sent a suspension notice to the plaintiff informing him that his license was being suspended, pursuant to Public Act No. 84-314, for ninety days. (Tran. R. Doc. 2). On September 4, 1990, the plaintiff, pursuant to Public Act No. 89-314, requested and was granted a hearing at the Department of Motor Vehicles (DMV). (Tran. R. Doc. 3). On September 11, 1990, a hearing was held at DMV. (Tran. R. Doc. 5). On September 12, 1990, the hearing officer determined that: (1) the police officer had probable cause to arrest the above-named operator for a violation specified in Section 1 of Public Act 89-314; and (2) the operator was placed under arrest; and (3) the operator submitted to the test or analysis and the results indicated at the time of the offense a BAC of, 10 or more; and (4) said person was operating the motor vehicle. (Tran. R. Doc. 9). In light of these findings the hearing officer ordered the suspension of the plaintiff's operator's license for ninety days.
The plaintiff brings this appeal to the superior court pursuant to Conn. Gen. Stat. 4-183. The plaintiff claims that (1) The police officer did not have probable cause to arrest the plaintiff for a violation of Public Act No. 89-314; (2) The chemical alcohol test results CT Page 1669 obtained pursuant to Public Act No. 89-314, were improperly admitted as evidence at the September 11, 1990, hearing; and (3) The decision of the hearing officer was arbitrary and caprecious and an abuse of discretion.
The court finds the plaintiff is aggrieved by the decision to suspend his motor vehicle operating privileges.
The Uniform Administrative Procedure Act governs judicial review of an administrative agency's action. Board of Education v. FOIC, 208 Conn. 442,452 (1988). The scope of that review is very limited. All Brand Importers v. Dept. of Liquor Control, 213 Conn. 184, 192 (1989). The court is not to substitute its judgment for that of the agency's nor is it to retry the case. Id. at 191-192. The court is only to decide whether in light of the evidence, the agency has acted unreasonably, arbitrarily, or in abuse of its discretion. Griffin Hospital v. Commissions on Hospitals and Health Care, 200 Conn. 489, 496 (1986).
The grant of authority, however, includes authority to examine the propriety of the standards relied on by the agency in effecting its delegated duties. Harrison v. Commissioner, Department of Income Maintenance, 204 Conn. 672, 680 (1987). The court in reviewing the action of the administrative agency, is limited to determine whether the agency's findings are supported by substantial evidence. Persico v. Maher,191 Conn. 384 (1983).
Conn. Gen. Stat. 14-227b(f) governs the scope of a license suspension hearing and provides in pertinent part:
 [T]he hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drugs or both. . .; (2) Was such person placed under arrest; (3) . . . Did such person submit to such tests or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was .10 or more of alcohol, by weight; and (4) Was such person operating the motor vehicle.
The plaintiff principally argues that a police report was improperly admitted into evidence. Section 14-227-19 of the Regulations of Connecticut State Agencies states that "The written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of Section 14-227b(c) of the General Statutes."
The power of an administrative agency to prescribe rules and regulations under a statute is not the power to make law, but only the power to adopt regulations to carry into effect the legislature's will as CT Page 1670 expressed by statute. Connecticut Hospital Assn. v. Commission on Hospitals and Health Care, 200 Conn. 133, 144 (1986). Validly enacted regulations of an administrative agency carry the force of statutory law. Griffin Hospital, 200 Conn. at 497.
Conn. Gen. Stat. 14-227b(c) provides in pertinent part:
 [T]he report shall be made on a form approved by the commissioner of motor vehicles and shall be sworn to under penalty of false statement as provided in section 53a-137 by the public officer. . . .
The plaintiff's claim that the police report was improperly admitted into evidence is without merit. The police report on its face complies with Conn. Gen. Stat. 1-24(13) concerning oaths and therefore meets the requirements of Section 14-227b-19 of the Regulations. It also sets forth the required testing machine certification, testing and operator certification.
Furthermore, the record reflects that the arresting officer testified at the hearing and was subject to lengthy cross examination. The officer testified that he personally tested the breath analysis machine before and after Dusi's testing and it was found within range, that the machine was operating functionally, to the best of his knowledge it was certified, that there were several intoximeter instructors at the Torrington Police Department who maintained the machine, that he was certified to use the machine; and that Dusi tested .127 and .106 for blood alcohol level. The officer also testified the test machine certification from the State Department of Health was at that agency.[1] The Commissioner had, apart from the police report, substantial evidence upon which to make the required findings. Dusi complains that the officer failed to bring with him certain documents. However, each document sought was not in the officer's control and the Commissioner so found.
The subpoena itself broadly directed the officer to bring any "documents, memorandum, books, pictures, recordings or other tangible information relating to the breath test administered to" Dusi. Dusi did not attempt to serve a subpoena upon any of the persons who might have the specific requested materials.
The officer also testified that Dusi operated his motorcycle erratically and exhibited signs of intoxication when stopped on the issue of the probable cause. The Commissioner so found.
The court cannot substitute its judgments as to the credibility of the officer's testimony and thereby find facts contrary to those found by the Commissioner. Briggs v. State Employees Retirement Commission,210 Conn. 214. Section 4-183(j) of the General Statutes.
The Commissioner here was not strictly bound by the rules of CT Page 1671 evidence or by the hearsay rule. Tomlin v. Personnel Appeal Board,177 Conn. 344, 348. Considering the scope of review, the court cannot say that substantial rights of Dusi have been prejudiced because the administrative findings are clearly erroneous. Tomlin v. Personnel Appeal Board, supra.
Accordingly, the appeal is dismissed.
McDONALD, J.