[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Whether the Z.B.A. acted illegally, arbitrarily and in abuse of its discretion when it granted a zoning variance for a sign when (1) it failed to find "exceptional difficulty or unusual hardship" as required by Connecticut General Statutes section8-6 and Zoning Code section 177-49.A (3); (2) it failed to make each and every one of the findings required by Zoning Code section 177-49.B (1); and (3) when its letter of decision contained an allegedly erroneous statement.
FACTS
This is an appeal filed by the plaintiffs, S. James Cohen, Trustee, and S.C. Sheketoff, Trustee, pursuant to Connecticut General Statutes section 8-8, from a decision of defendant, Zoning Board of Appeals of the Town of West Hartford (hereinafter ZBA), granting the variance petition of pro se defendants, Harry G. Bassilakis and George Bassilakis (hereinafter the Bassilakises). George Bassilakis is the record owner of property known as CT Page 4518 319 Park Road, West Hartford, Connecticut, and Harry Bassilakis owns and operates a business on the property known as the Quaker Diner. (Return of Record [ROR], Item 2, Application for Variance). The property has been owned by the Bassilakis family since the diner was built in 1931. (ROR, Item 2).
On March 6, 1992 defendant Harry G. Bassilakis applied to the ZBA for a signage variance from section 177-33.G of the Zoning Code of the Town of West Hartford (hereinafter Zoning Code). (ROR, Item 2). George Bassilakis cosigned the application. (ROR, Item 2). According to Guy Morin, Secretary and Zoning Enforcement Officer, section 177.33G limits the total signage area for the subject property to 39 square feet. (ROR, Item 1, p. 6). An existing neon sign already at the site uses 17 of the 39 square feet available for signage. (ROR, Item 1, p. 6). As a result, the Bassilakises only have 22 square feet of signage space available for additional signs. (ROR, Item 1, p. 6). The Bassilakises wish to add a 3' by 18' sign, amounting to 54 square feet. (ROR, Item 1, p. 6).
A public hearing was duly held by the ZBA on March 25, 1992, to hear and act on the Bassilakises' signage variance petition. (ROR, Item 1, pp. 1 2). At the hearing, the plaintiffs' representative indicated that the plaintiffs own the lot of land located at 323 Park Road, which is immediately to the west of the land involved in the decision. (ROR, Item 1, p. 10). The plaintiffs' lot used to be occupied by a gas station, but it was vacant at the time of the hearing. (ROR, Item 1, pp. 9-10). At the hearing, the plaintiffs and the Bassilakises gave testimony and introduced various items into the record. (ROR, Item 1). Following the public hearing, the ZBA members deliberated on this matter. (Amended Addendum to Record, hereinafter Amended Addendum). At the end of the meeting, the ZBA members voted to grant the variance. (Amended Addendum, p. 7). On March 25, 1992, the ZBA notified Harry Bassilakis of its decision to grant his petition "for a variance to section 177-33(G) (signs in business and industrial districts) to allow a 3' by 18' painted sign on the west side of the building in order to restore the property to its original historical condition per plan on file." (ROR, Item 15). The letter went on to state that
 [i]n reaching its decision, the Board found the following conditions to exist:
 1. That there are certain conditions especially affecting this property which are of CT Page 4519 historical significance.
 2. That there were remnants of a legal nonconforming sign and the applicant was restoring and repairing that sign to its original condition.
(ROR, Item 15).
On April 20, 1992, the plaintiffs filed a one count complaint appealing the ZBA's decision. In their complaint, the plaintiffs alleged that in granting the Bassilakises' application, the ZBA acted illegally, arbitrarily and in the abuse of its discretion because it failed to make some of the required statutory and regulatory findings, and because the ZBA made an erroneous finding. (Complaint, 5).
DISCUSSION
A. Aggrievement
General Statutes section 8-8 provides that any person aggrieved by any decision of a board may take an appeal to the Superior Court. General Statutes 8-8(b). At the hearing before the ZBA, plaintiffs' representative stated that plaintiffs owned the property abutting that of the Bassilakises. (ROR, Item 1, pp. 9-10). The Court finds that plaintiffs have established their ownership of abutting property and the plaintiffs are "aggrieved persons" under General Statutes section 8-8(a)(1).
B. Timeliness
General Statutes section 8-8 (b) requires that a zoning appeal be commenced "within fifteen days from the date that the notice of decision was published as required by the general statutes." General Statutes 8-8 (b). The record contains a copy of the certified letter of Guy R. Morin, Secretary to the ZBA, dated March 25, 1992, and addressed to defendant Harry Bassilakis, notifying the latter of the decision of the ZBA. However, the record contains no evidence that the notice of the decision was ever published. Nonetheless, paragraph three of the complaint alleges that notice of the "decision was published in the West Hartford News on April 2, 1992," and the defendant, ZBA, admits the allegation in paragraph one of its July 13, 1992 answer. Neither the court file nor the record contain a similar admission by the other two defendants, the Bassilakises. The CT Page 4520 Bassilakises do not appear to have filed answers.
George Bassilakis was served on April 9, 1992, and Harry Bassilakis was served on April 10, 1992. Appeal papers were served on both the town clerk and ZBA Chairman, on April 10, 1992. The Court concludes that publication did occur on April 2, 1992, and finds that the appeal is timely because process was served within fifteen (15) days of the publication date.
C. Scope of Review
In zoning appeals, the scope of judicial review is limited. Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 676,559 A.2d 1174 (1989).
 [T]he board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal . . . .[A] reviewing court reviews the record of the administrative proceedings to determine whether . . . the board `has acted fairly or with proper motives or upon valid reasons.'
(Citations omitted). Schwartz v. Planning Zoning Commission,208 Conn. 146, 152, 543 A.2d 1339 (1989). "`When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision.'" Fernandez v. Zoning Board of Appeals, 24 Conn. App. 49, 53, 585 A.2d 703
(1991), quoting Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56, 549 A.2d 1076 (1988). "[I]f the board fails to give the reasons for its actions, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken." Protect Hamden/North Haven From Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 545 n. 15, 600 A.2d 757 (1991). "The question [on review of a zoning decision] is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the decision reached. . . . The action of the commission should be sustained even if one of the stated reasons is sufficient to support it." (Citations omitted). Primerica v. Planning and Zoning Commission, 211 Conn. 85,96, 558 A.2d 646 (1989). "Conclusions reached by the . . .[ZBA] must be upheld by the trial court if they are reasonably supported by the record." Id. "`Courts must not substitute their judgment CT Page 4521 for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing.' Molic v. Zoning Board of Appeals, 18 Conn; App. 159, 164, 566 A.2d 1049 (1989)." Fernandez v. Zoning Board of Appeals, supra, 53, quoting Horn v. Zoning Board of Appeals, supra, 676-77. Upon review, the trial court is limited to determining whether the record supports the ZBA's findings. Fernandez v. Zoning Board of Appeals, supra, 54.
In acting on zoning matters, zoning authorities must apply the standard found in the zoning regulations. See Double I Limited Partnership v. Planning Zoning Commission, 218 Conn. 65,72, 588 A.2d 624 (1991) (ruling on special exception, zoning authority must determine whether regulations are satisfied). See also Reed v. Planning Zoning Commission, 208 Conn. 431,433, 544 A.2d 1213 (1988) (in ruling on subdivision, planning authority must determine if application conforms to regulations). "It is fundamental that an agency must act within its statutory mandate and that it has no authority to modify, abridge or otherwise change the statutory provisions under which it acquires authority." Harrison v. Commissioner, Department of Income Maintenance, 204 Conn. 672, 680, 529 A.2d 188
(1987). "Zoning regulations, as they are in derogation of common law property rights, cannot be construed to include or exclude by implication what is not clearly within their express terms. Planning Zoning Commission v. Gilbert, 208 Conn. 696, 705,546 A.2d 823 (1988).
General Statutes section 8-6 states in relevant part:
 The zoning board of appeals shall have the following powers and duties: . . . (3) to determine and vary the application of the zoning bylaw, ordinance or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions specially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such by-laws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that CT Page 4522 substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed.
(Emphasis added.) General Statutes 8-6(3). The Town of West Hartford has incorporated section 8-6(3) of the General Statutes into its Zoning Code in section 177-49.A(3), which states in relevant part that the ZBA shall have the power to "determine and vary the application of the Zoning Ordinance . . . where owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of this chapter would result in exceptional difficulty or unusual hardship. " (Emphasis added). Zoning Code 177-49.A(3).
The Zoning Code goes on to state in relevant part that
 (1) No variance in the strict application of any of the requirements of the Zoning Ordinance shall be granted unless the Zoning Board of Appeals shall find:
 (a) That there are conditions especially affecting the land or structure for which the variance is sought, which . . . are peculiar to such land or structure and not to the personal or financial circumstances of the appellant and which conditions are not affecting generally the area in which such land or structure is situated and have not resulted from any act of the appellant subsequent to the enactment of the requirement appealed from . . .
 (b) That the . . . conditions are such that the strict application of the requirements of the Zoning Ordinance would deprive the appellant of the reasonable use of such land or structure and the granting of the variance is necessary for the reasonable use of the land or structure, and that the variance, as granted by the board, is the minimum variance that will accomplish this purpose.
(c) That the granting of the variance would not permit CT Page 4523 the property to be used for a purpose that is denied to the occupants of other properties in the same zoning district.
 (d) That the granting of the variance is in harmony with the general purpose and intent of the Zoning Ordinance and will not be detrimental to public health, safety, convenience, welfare and property values.
Zoning Code 177-49.B(1)(a)-(d).
General Statutes section 8-8 states in relevant part:
 The record shall include, without limitation, (1) the original papers acted on by the board and appealed from, or certified copies thereof, (2) a copy of the transcript of the stenographic or sound recording prepared in accordance with section 8-7a, and (3) the written decision of the board including the reasons therefor and a statement of any conditions imposed. By stipulation of all parties to the appeal, the record may be shortened.
General Statutes 8-8(i). The Zoning Code also indicates in relevant part that
 [t]he records of the . . . [ZBA] shall include specific reasons for each of the findings above to be made before a variance may be granted. The . . . [ZBA] shall attach such conditions and safeguards as are necessary to ensure continued compliance with the terms of the variance.
Zoning Code 177-49.B(2).
"The power of authorizing variations is to be sparingly exercised." Talmadge v. Board of Zoning Appeals, 141 Conn. 639,643, 109 A.2d 253 (1954). Accord Dolan v. Zoning Board of Appeals.156 Conn. 426, 429, 242 A.2d 713 (1968) (The power to vary the application of zoning regulations should be sparingly exercised).
 A variance is an authorization obtained from the zoning board of appeals to use property in a manner otherwise forbidden by the zoning regulations. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 373, 537 A.2d 1030
(1988). For a variance to be granted under General CT Page 4524 Statutes 8-6(3), two conditions must be fulfilled: (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Smith v. Zoning Board of Appeals, supra, 326; Aitkin v. Zoning Board of Appeals, 18 Conn. App. 195, 204, 557 A.2d 1265 (1989). The hardship must be different in kind from that generally affecting properties in the same zoning district. Smith v. Zoning Board of Appeals, supra, 324. It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. Proof of hardship is a condition precedent to granting a variance. Point O'Woods Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364, 365, 423 A.2d 90 (1979). The hardship must `arise from circumstances or conditions beyond the control of the property owner.' Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39, 438 A.2d 1186
(1982). .The burden is on the applicant to prove hardship. Carini v. Zoning Board of Appeals, 164 Conn. 169, 172, 319 A.2d 390 (1972), cert. denied, 414 U.S. 831, 94 S.Ct. 64, 38 L.Ed.2d 66 (1973) [reh. den., 414 U.S. 1087, 94 S.Ct. 610, 38 L.Ed.2d 494 (1973)].
Kelly v. Zoning Board of Appeals, 21 Conn. App. 594, 597-99,575 A.2d 249 (1990). "Finally, `[t]he burden of proof to demonstrate that the board acted improperly is upon the plaintiffs. . . .' Adolphson v. Zoning Board of Appeals, 205 Conn. 703,707, 535 A.2d 799 (1988)." Fernandez v. Zoning Board of Appeals, supra, 55.
D. Arguments
The plaintiffs allege in their complaint that the ZBA acted illegally, arbitrarily and in the abuse of its discretion when it granted the Bassilakises' variance application because (1) the ZBA "did not find exceptional difficulty or undue hardship which would justify granting the variance, as required by . . . General Statutes section 8-6 and [Zoning Code] [s]ection 177-49(A)(3)"; (Complaint, 5(a)); (2) the ZBA failed to make the required findings under Zoning Code sections 177-49.B(1)(a)-(d); (Complaint, 5(c)-(g)); and (3) because the ZBA's letter of decision erroneously stated that the ZBA found that there were "remnants of a legal, non-conforming sign and the applicant was restoring and CT Page 4525 repairing that sign to its original condition." (Complaint, 5(b)).
The ZBA argues that the plaintiffs' appeal should be dismissed because the plaintiffs have failed to carry their burden "to offer any evidence that the proposed sign would somehow substantially impact the zoning plan." (Defendant ZBA's Brief, P. 8). The ZBA asserts that the "record is replete with evidence showing that the proposed variance would be in harmony with the comprehensive zoning plan and the Park Road neighborhood." As a result, the ZBA contends that it satisfied the first condition for a variance under section 177-49.B(1)(d). (Defendant ZBA's Brief, pp. 9-10).
The ZBA also argues that the record supports a finding of hardship and that its "decision is reasonably supported by evidence on the record." (Defendant ZBA's Brief, pp. 14, 12). The ZBA asserts that the "record amply illustrates that the applicant's unusual hardship was not self-created." (Defendant ZBA's Brief, P. 14).
The ZBA admits that it "did not make a specific finding on each and every one of" the section 177-49.B(1) criteria, but argues that it had sufficient evidence before it to fulfill those regulatory requirements. (Defendant ZBA's Brief, pp. 17-18). Finally, the ZBA asserts that the finding of hardship and the grant of a variance for unique historical preservation reasons which are related solely to the applicant's structure is within the discretion of the ZBA in view of the West Hartford Town Council's zoning policy to "protect and conserve the existing or planned character of all parts of the town . . ." as set forth in section 177-1.E and the historical preservation purposes evinced in the West Hartford Code of Ordinances section 103-2 and section 103-4 (hereinafter Historic District Ordinance). (Defendant ZBA's Brief, p. 28). Although the ZBA apparently quotes the Historic District Ordinance in its brief, the ZBA does not provide the full text of sections 103-2 and 103-4. (Defendant ZBA's Brief, p. 28). The Historic District Ordinance does not form a part of the record.
The Bassilakises argue that the ZBA's "decision was fitting and proper, the only possible decision in view of the facts and circumstances." (Pro Se Defendants' Brief, p. 4). They also assert that their "commitment to restore the original sign on a historically significant building is not a self-created hardship . . . [but rather], it is a self-created inspiration that shows CT Page 4526 a commitment to his community and family values." (Pro Se Defendants' Brief, p. 3). At the hearing, Harry Bassilakis stated the following:
"It's my family's history, something I am proud of; and, to me, that's a hardship.
I want the diner to look the way it was, and that is all I am here for." (ROR, Item 1, p. 13).
At the hearing Harry Bassilakis also stated that the only reason the sign was removed "was to repoint the building." (ROR, Item 1, p. 13). The Bassilakises contend that the plaintiffs' brief contains several inaccuracies. For example, the Bassilakises maintain that it "is not feasible to `completely' remove paint from a brick and mortar surface" and therefore it is inaccurate, and a distortion of the record, for the plaintiffs' Brief to cite one of the Bassilakises as stating on the record that the sign was "completely" removed. (Pro Se Defendants' Brief, p. 2). Presumably, the Bassilakises are implying that the sign might be a legal nonconformity, but they do not actually make this argument.
The Bassilakises also argue that the Zoning Code does not apply to prior, nonconforming signs. It is their contention that "[t]he current regulations address prior, non-conforming structure (sic) but they are silent on prior, non-conforming signs and, therefore, it should not be argued that they apply to the specific situation before this Court." (Pro Se Defendants' Brief, p. 4).
Finally, the Bassilakises argue that the plaintiffs "have not shown, in any way, that they are qualified to advise the Court on the restoration of . . . [a] historic structure" and thus, have no foundation for the statement in their brief that the Bassilakises "could have painted a 22 square foot replica of one of the prior signs to maintain the `historic significance' of the sign." (Pro Se Defendants' Brief, p. 3).
E. Court's Review
The plaintiffs allege that the ZBA "did not find exceptional difficulty or undue hardship which would justify granting the variance, as required by . . . General Statutes section 8-6 and [Zoning Code] [s]ection 177-49(a)(3)." (Complaint, 5(a)). The plaintiffs argue that CT Page 4527
 [t]he owner's desire to replicate one of the prior signs on the building, even if deemed a hardship, is certainly a hardship that is self-created as it arises out of his own personal decision. See, Smith v. Bristol Zoning Board of Appeals, [6 CSCR 780 (July 23, 1991)] (self-created hardship not grounds for granting a variance).
(Plaintiffs' Brief, p. 10).
 "Where the hardship involved `arises as the result of a voluntary act by one other than the one whom the variance will benefit, the board may, in the sound exercise of its liberal discretion, grant the variance.' Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance. The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved."
(Citations omitted). Pollard v. Zoning Board of Appeals,186 Conn. 32, 39-40, 438 A.2d 1186 (1982), quoting Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 655, 427 A.2d 1346
(1980).
 To support the granting of a variance, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control. See Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 658, 427 A.2d 1346 (1980).
Stillman v. Zoning Board of Appeals, 25 Conn. App. 631, 636,596 A.2d 1 (1991), cert. denied, 220 Conn. 923, 598 A.2d 365 (1991).
The ZBA's letter of decision makes no direct reference to either exceptional difficulty or undue hardship. (ROR, Item 15). A review of the record reveals that the ZBA was aware of its obligation to find hardship in order to justify the granting of the variance. For example, at the post-hearing deliberations, CT Page 4528 one member of the ZBA asked "[b]ut what legal significance does that have with respect to the issues before us? In other words, how does that impact the hardship question?" (Amended Addendum, p. 2). However, the record does not contain sufficient evidence to support the conclusion that the literal enforcement of section 177-33.G would result in an exceptional difficulty or undue hardship in this case.
The record contains evidence indicating that the diner has historical and architectural importance. (ROR, Item 12, p. 2, #19, Historic Resources Inventory, Connecticut Historical Commission, State of Connecticut). "The building is significant in two respects, historically as one of Park Road's oldest commercial establishments, and architecturally as one of the town's very few intact examples of diner, which is one of America's important home-grown building types." (ROR, Item 14, Letter from the Chair, West Hartford Architectural Heritage Committee). Additionally, during the post hearing deliberations, it was pointed out by a member of the ZBA that "no one else has big signs in the neighborhood." (Amended Addendum, p. 3).
However, there is no evidence or other information in the record suggesting that there are any circumstances or conditions beyond the control of the Bassilakises requiring them to restore their diner to its original, authentic, 1931 look. The Bassilakises offer no authority to support their argument that an owner's pride in his family history constitutes a cognizable hardship under General Statutes section 8-6 or Zoning Code section 177-49.A(3). Similarly, the ZBA fails to provide authority for its argument that the zoning policy contained in Zoning Ordinance section 177-1.E or the historic preservation purpose allegedly evinced in the Historic District Ordinance section 103-2 and 103-4 give the ZBA the power to grant variances based on historical preservation reasons alone.
F. Finding
The Court finds that the ZBA erroneously granted the variance at issue because the evidence in the record does not support a finding of exceptional difficulty or unusual hardship within the meaning of General Statutes section 8-6 and Zoning Code section 177-49.A(3). The appeal should be sustained because the evidence in the record is not sufficient to support the ZBA's variance action. Also since the appeal should be sustained, it is not necessary for the Court to address the plaintiff's allegations that the ZBA failed to make the required findings under Zoning Code sections CT Page 4529 177-49.B(1)(a)-(d) or that the ZBA's letter of decision contained an erroneous statement. (See ROR, Item 15, where the ZBA finds "there were remnants of a legal nonconforming sign . . .".[1]
Hon. Allen W. Smith Superior Court Judge