[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Ingeborg Nelson appeals a decision of the defendant commissioner of the state department of social services affirming the decision of the Welfare Department of the city of West Haven to award the plaintiff reduced general assistance benefits. The city calculated a prorated amount of assistance on the basis that the plaintiff's children spend three days each week living with their father. The city therefore awarded the plaintiff financial assistance at the family rate for one half of the month, and the individual rate for one half the month.
The issue presented in this appeal is whether the commissioner's decision affirming the proration and reduction of the plaintiff's general assistance benefit was erroneous under applicable statutes and regulations. The court finds this issue in favor of the plaintiff. For the reasons set forth below, the case is remanded for further proceedings.
The facts essential to the court's decision are undisputed and fully reflected in the record. On September 13, 1993, the Superior Court (Lewis, J.) issued a joint restraining order enjoining the plaintiff and her husband, James Nelson, from contacting each other. The CT Page 4244 restraining order provided, in relevant part, as follows:
 The . . . mother (plaintiff) shall have the minor children from 3:00 pm today until Friday, September 17, 1993 at 11:00 am. The . . . husband shall have the minor children from Friday, September 17, 1993 at 11:00 am until Monday at 3:00 pm of this week each week thereafter . . . The restraining orders of the parties shall remain in effect for 90 days or until further court order.
On September 23, 1993, the plaintiff applied to the West Haven Welfare Department for general assistance for herself and her children. See General Statutes 17-272 through 17-292f; Regs., Conn. State Agencies § 17-3a-11(B). On September 30, 1993, the city Welfare Department awarded the plaintiff general assistance benefits prorated and reduced to $440.50 per month. The department calculated this amount by awarding the plaintiff one half of the full monthly family rate ($581) and one half of the full individual rate ($300). The stated rationale for the reduction was the provision in the restraining order that the children spend the long weekends with their father.
On October 21, 1993, the city Welfare Department conducted a fair hearing on the issue of the award calculation and subsequently affirmed its decision. On December 16, 1993, the state department of social services conducted a fair hearing at the plaintiff's request. On January 3, 1994, the state hearing officer issued a final decision upholding the city Welfare Department's decision to prorate the plaintiff's general assistance award. The hearing officer held
 the (city) Department's decision to grant the appellant General Assistance for her children for only half of their monthly needs is correct because the evidence and testimony presented show she only has them in her physical presence and care for one half of each month.
 The appellant is eligible for assistance as a family unit when she has her children in her home and is eligible for assistance as an individual unit when they are not in her home. CT Page 4245 The Department's decision to prorate benefits of one half of a family unit of 3 and one half of an individual unit is therefore correct.
The plaintiff's request for reconsideration was denied on January 24, 1994.
On appeal, the plaintiff argues that there is no statutory or regulatory provision authorizing the city Welfare Department or the commissioner to prorate general assistance payments. The plaintiff contends that the applicable statutes and regulations establish mandatory standards for general assistance based on family size and region.
In defending her decision, the commissioner argues that the evidence in the record supports the hearing officer's factual findings that (1) the couple shared joint custody of the children, and (2) the Nelsons "equally split the physical care of their two minor children on a weekly basis." Based on these factual findings, the commissioner contends that the department's decision to prorate the plaintiff's award was reasonable.
As the legal basis for the proration of the benefits, the commissioner cites General Assistance Policy Manual Chapter I (X) (j), p. 177. This subsection provides for an award to be modified "upward or downward" after a change in the "recipient's living arrangements, family composition or financial situation."
The commissioner also cites the policy manual's regulations that provide for the proration of benefits for the portion of the month that the recipient is eligible. This section provides "[i]f the applicant is not eligible on the first day of the month, the local welfare official must prorate the first month's award from the first date of eligibility." GAPM, Chapter I(X)(1)(3)(J) p. 173.
Generally, the court accords great deference to the construction given a statute by the agency charged with its enforcement. Starr v. Commissioner of Environmental Protection,226 Conn. 358, 376, 627 A.2d 1296 (1993); Anderson v. Ludgin,175 Conn. 545, 400 A.2d 712 (1978). The court concludes, however, that such deference is not appropriate here. First, "it is for the courts, and not for administrative agencies, to expound and apply governing principles of law." Bridgeport Hospital v. Comm.on Human Rights Opp., 232 Conn. 91, ___ A.2d ___ (1995). This CT Page 4246 rule is particularly relevant here because there is no Connecticut caselaw dealing with the specific issue that was the subject of the commissioner's ruling. "When a state agency's determination of a question of law has not previously been subject to judicial scrutiny, as in this case, the agency is not entitled to special deference." Dept. of Administrative Servicesv. Employees' Review Board, 226 Conn. 670, 679, 628 A.2d 957
(1993); Quinnipiac Council, Boys Scouts of America, Inc. v.Commission on Human Rights Opportunities, 204 Conn. 287, 295,528 A.2d 352 (1987).
A second reason for rejecting the commissioner's ruling in this case is that there is no specific policy manual section that provides for such a reduction in the plaintiff's award. Indeed, the commissioner concedes that "it is true that the General Assistance policy does not specifically delineate the appropriate treatment of a temporary mutual restraining order which has the practical effect of a joint physical custody order. . . ."Denial of Reconsideration, dated January 24, 1994, at 1.
As noted, the policy manual sections that the commissioner does cite do not mention any special formula for families where there is a "joint physical custody order." GAPM Chapter I(X)(1)(3)(J) p. 173 plainly concerns the recipient's award for the first month of eligibility when payment commences after the first of the month. In such a case, the full award is reduced for that month only to correspond to the fraction of the month that the family is eligible. But the amount of the basic award for which the family is eligible is not affected. The other policy manual section, GAPM Chapter I(X)(j), p. 177, also does not support the commissioner's position. That section, while permitting modification of an award following a change in the "recipient's living arrangements, family composition or financial situation," does not provide a sliding scale based on the temporary absence of children from the home for discrete periods of time.
An agency must act within its statutory mandate, and it is without power to modify, abridge or otherwise alter the statutory provisions under which it acquires authority. Harrison v.Commissioner, 204 Conn. 672, 680, 529 A.2d 188 (1987). General Statutes § 17-3a provides that the commissioner "shall adopt regulations . . . establishing mandatory standards for the granting of general assistance financial and medical assistance,including the level of financial assistance to be provided . . ." CT Page 4247 (Emphasis added). Applicable regulations in the policy manual contain provisions for determining the amount of an applicant's award based on the composition of his or her household and corresponding "assistance unit." See GAPM, Chapter (I)(X)(H) at 168.
The policy manual further provides "[g]enerally, the criterion which distinguishes an individual from a family case is the presence of a dependent child . . ." GAPM, Chapter (I)(X)(H) at 167. The policy manual then lists eighteen possible permutations of households and their corresponding assistance units. Each household has a definite corresponding assistance unit ranging from "individual" to "family of three or more." Some households are identified as consisting of "two separate family cases."
It is clearly within the discretion of the department to determine the plaintiff's appropriate assistance unit. Once the appropriate assistance unit is determined, the department "shall budget the full flat grant amount for the appropriate family size and region listed in subsection D." GAPM, Chapter I(X)(I)(4), p. 174. Moreover, the mandatory guidelines set forth in the policy manual support the plaintiff's position that the regulations establish a minimum baseline of support. The policy manual provides, in relevant part, that the city "shall budget the full flat grant amount for the appropriate family size and region listed in subsection D. . . . even if the applicant is not in need of one of the flat grant components, such as shelter, the local welfare official will nonetheless budget the full flat grant." GAPM, Chapter I(X)(I)(4), p. 174.
Based on the provisions of the statutes and regulations cited, the court concludes that the department must assess the plaintiff's household and determine her appropriate assistance unit in accordance with the provisions of the policy manual. It may find, for example, that she is an individual or that she is a family. The department must then determine the appropriate award, which is the "full flat grant amount" for that assistance unit in the applicable region.
The plaintiff's appeal is sustained, and the case is remanded to the department of social services for further proceedings consistent with this decision.
MALONEY, J. CT Page 4248